UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WESTERN UNION COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 14-cv-1741<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Jeffrey Cole |

## OBJECTION OF JOHN KNOTT

## INTRODUCTION

Before the Court is a proposed common fund settlement in a Telephone Consumer Protection Act ("TCPA") case against Western Union with a $8.5 million fund that covers costs of settlement administration, notice, an incentive award, attorneys' fees and expenses, and payments to the class following a claims procedure. The TCPA is a strict liability statute. A single text message results in recovery between $500 and $1,500. See 47 U.S.C. §227(b)(3). As a result, virtually every TCPA class action case settles. *See, e.g., Rose v. Bank of America Corp.*, 2014 WL 4273358, at *12 (N.D. Ca. Aug. 29, 2014) (reducing requested attorneys' fee award and noting "because the TCPA has the potential of ruinous financial liability . . . defendants will almost always settle if there is any merit at all to the case"); *Bayat v. Bank of the West*, 2015 WL 1744342, at *9 (N.D. Ca. April 15, 2015) (noting that there is less risk in a TCPA case "where the potential recovery of statutory damages is as large . . . due solely to the size of the class and damages fixed by statute"). Against this backdrop, the settlement is not fair, adequate and reasonable; and the proposed award of attorneys' fees of 35% of the fund is excessive.

## STANDING AND PROCEDURES TO OBJECT

Objector's full name, address and telephone number are as follows:

John Knott
1901 Wooded Terrace
Owings, Maryland 20736
(443) 254-4686

Objector is a class member who has timely filed a claim and therefore has standing to make this objection. *See* Declaration of John Knott, Exhibit A hereto, incorporated by reference as though set forth in full. Objector is represented by Noonan, Perillo & Thut and Bandas Law Firm, PC. Chris Bandas, Texas Bar No. 00787637, of Bandas Law Firm, 500 N. Shoreline, Corpus Christi, Texas 78401, 361-400-4000, does not presently intend on making an appearance for himself or his firm. Mr. Thut's bar number is 6188219 and his name, address and phone are below. The

statement of the objections and the grounds therefor are set forth below. Objector does not intend on appearing at the fairness hearing either in person or through counsel but asks that this objection be submitted on the papers for ruling at that time. Objector relies upon the documents contained in the Court's file in support of these objections. Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are contained herein on grounds that such requirements seek irrelevant information to the objections, are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate Objector's and counsel's due process rights and/or Rule 23. Objector joins in all other objections filed in opposition to the proposed settlement to the extent not inconsistent with this objection.

## OBJECTIONS

This proposed TCPA class settlement is one of many in United States District Court for the Northern District of Illinois. Copies of the objections filed by Mr. Bandas' clients in certain of those cases are attached hereto and incorporated herein by reference as Exhibits B, C and D.

**The Proposed Settlement Is Not Fair, Adequate And Reasonable.**

Under the TCPA, prevailing class members would be entitled to a civil penalty of $500 to $1,500 per violation. 47 U.S.C. §227(b)(3). The class notice estimates that eligible class members will receive approximately approximately $140 each in the event there is a 5% claims rate.[1] As of

---

[1] Class counsel states "[w]ith still another two weeks left for Class Members to submit claims, the Settlement Administrator has already received 36,360 claims. (Siprut Aff. ¶33.) This represents a 5% claims-rate[.]" Class counsel's fee motion (Dkt #61) at 12. Using these numbers, 36,360 divided by 0.05 equals approximately 727,200 total class members. Assuming that each class member only received a single text message, this would result in statutory liability between $363.6 million and $1.09 billion. The $8.5 million settlement can only be regarded as a gift to the defendant rather than a great result for the class.

3

several weeks ago, this threshold has already been met. The amount that each class member who timely files a claim will therefore only go down from there. And this reinforces the fact that this is really just a good deal for the defendant and class counsel. The defendant was able to erase its potential statutory liability between $360 million and over $1 billion in return a payment of $8.5 million. Class counsel obtains a windfall award of attorneys' fees for a very modest amount of work and in return for agreeing to a settlement that erases the defendants' liability in return for a tiny fraction of what the individual claims of class members are worth. In this exchange, the class loses and everyone else wins and for that reason it is not fair, adequate and reasonable.

The settlement also fails to compensate class members based on how many separate TCPA violations occurred with respect to each eligible class member. Under the TCPA, compensation is calculated on a "per violation" basis not on a "per person" basis. Under the settlement, only one claim can be made person regardless of how many violations occurred for that person. For these reasons, the proposed settlement is not fair, adequate and reasonable and the proponents of this settlement have failed to discharge their burden of proof on the issue of fairness.

**Class Counsel's Fee Request Is Excessive.**

Class counsel's fee request for a 35% fee in this case is excessive. In recent TCPA cases, given the extremely low risk of these cases in general, courts have commonly awarded a percentage of 20% or less to class counsel. *See Bayat v. Bank of the West*, 2015 WL 1744342, at *10 (N.D. Ca. April 15, 2015) (opting for the lodestar method but awarding the equivalent of 13.5% of the over $3.3 million settlement fund); *Rose v. Bank of America Corp.*, 2014 WL 4273358, at *13 (N.D. Ca. Aug. 29, 2014) (choosing the lodestar method and awarding a fee that equated to about 7.5% of the over $32 million fund); *Michel v. WM Healthcare Solutions, Inc.*, 2014 WL 497031, at *23 (S.D. Ohio Feb. 7, 2014) (awarding 15%); *Arthur* v. *Sallie Mae, Inc.*, 2012 WL 4076119, at *2 (W.D. Wash. Sept. 17,

2012) (awarding 20%). The percentage of recovery awarded as fees in this case, should this case be approved, should be no more than 20%. Should the Court apply of sliding scale to the proposed fee request, which is reasonable, it is submitted that no part of the sliding scale should exceed 20%.

Applying a lodestar analysis results in similarly modest fees in TCPA cases. *See, eg., Bayat*, 2015 WL 1744342, at *9 (N.D. Cal. Apr. 15, 2015) (applying the lodestar method and finding the proposed multiplier unjustified and reducing it to 1.5). The low baseline for multipliers in TCPA cases reflects the low risk that the cases present in general. This proposed settlement erases hundreds of millions of dollars in potential statutory liability for only $8.5 million. Given this terrible result, if there is any multiplier it should be a negative multiplier and at minimum should be less than 1.0.

## CONCLUSION

Objector request that this settlement be rejected. In the alternative, Objector requests that the proposed award of attorneys' fees be rejected or, at minimum, substantially reduced.

DATED: February 18, 2016            Respectfully submitted,

/s/ *C. Jeffrey Thut*
C. Jeffrey Thut
Noonan, Perillo & Thut
25 N. County Street
Waukegan, IL 60085
Telephone: (847) 244-0111
Facsimile: (847) 244-0513
Email: jthut@npt-law.com

Attorneys for Objector/Class Member

5

## Certificate of Service

The undersigned certifies that today he filed the foregoing objection and associated documents on ECF which will send electronic notification to all attorneys registered for ECF-filing. The undersigned further certifies he caused to be served via USPS First Class Mail, postage prepaid, a copy of this Objection and associated exhibits upon the following.

DATED: February 18, 2016

Settlement Administrator
Western Union Text Message Settlement
C/O Epiq Systems, Inc.
PO Box 3145
Portland, OR 97208-3145

Joseph J. Siprut
Siprut PC
17 N. State Street
Suite 1600
Chicago, IL 60602

Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP
330 N. Wabash Avenue
Suite 2800
Chicago, IL 60611

/s/ *C. Jeffrey Thut*
C. Jeffrey Thut