

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

FEB 2 5 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JASON DOUGLAS, individually and on Behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ) ) THE WESTERN UNION COMPANY, ) a Delaware corporation, ) ) Defendant. ) ) | Case No. 14-cv-1741 Hon. Gary Feinerman Hon. Jeffrey Cole |

### OBJECTIONS OF PATRICK S. SWEENEY AND PAMELA A. SWEENEY TO PROPOSED SETTLEMENT AND NOTICE OF INTENTION TO APPEAR AT FAIRNESS HEARING

NOW COMES, Pro Se Objectors PATRICK S. SWEENEY and PAMELA A. SWEENEY, hereby files these objections to the proposed settlement in this matter.

## PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Patrick S. Sweeney (herein referred to as "Patrick") and Pamela A. Sweeney (herein referred to as "Pamela") (herein collectively referred to, in the singular, as the "Objector") have reviewed the notice and believe that they are members of the class as defined in that certain Notice of Class Action and Proposed Settlement dated December 14, 2015 (herein referred to as the "Notice"). These representations are made under the penalty of perjury. Patrick intends to file a Claim in this matter on or before February 22, 2016 (Claim deadline according to the Notice). Pamela has already filed her Claim. Her Claim Number is **WG7NO3TK**. Pamela and Patrick's address, e-mail addresses and telephone numbers are listed at the conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that they do **NOT** intend to appear at the Fairness Hearing presently scheduled for April 11, 2016 at 10:30 a.m. CST before Honorable Gary Feinerman at the Everett McKinley Dirksen United States Courthouse, Courtroom 2125, 219 South Dearborn Street, Chicago, Illinois 60604.

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel attorneys nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

   It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

   Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law that has developed in the class action arena (all three collectively referred herein as "Class Action Policy") Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard " for Class Action settlements.

2. No timeframe for completing administration of the monetary relief is set, so Class Members cannot know when payment would arrive. Moreover, the Settlement Administrator is not held to any specific timeframe to complete the settlement process.

3. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorneys fees would alleviate the concerns raised herein regarding Paragraphs Nos. 1 & 2 above.

4. Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award class counsel its fee notwithstanding the amount of relief actually achieved by the Class. This practice would be considered inequitable at best and excessive at worse in many other areas of the law when awarding attorney fees.

5. The fee calculation is unfair in that the percentage of the settlement amount is far too high (it is stated in the Notice that it is 35%, which is high, but if the percent is arrived at by using monies actually awarded class members the percentage is even higher).

    The Objector hereby states that, of the 68 docket entries on PACER, very few entries were substantive in nature. In fact, only the Plaintiff's Complaint, Defendant's Answer, Plaintiff's Motion to Strike Answer, Plaintiff's Motion for Preliminarily Approval of Settlement and Final Motion to Approve the Settlement and Award Attorney's Fees had any significant legal substance in its content (although the Motion to Approve Attorney's Fees did appear to have significant legal substance ). The remaining entries were mostly procedural in nature. This is hardly the type of case justifying Plaintiff's Attorneys' Fees in the amount of $2,891,000, plus an undetermined amount of fees and expenses.

    It is also notable that the Settlement was reached in principal in approximately 19 months following the commencement of this action. Furthermore, Class Counsel's Memorandum of Law in Support of the Motion for Attorney's Fees appears to be a catalogue of cases whereby other lawyers were successful in obtaining excessive fee awards and not a compelling recitation of why the fees and costs are appropriate in this specific case.

6. The fee request is not reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable costs incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the fee request.

7. Some *cy pres* procedure needs to be articulated so that Class Members and the Court can intelligently comment, object or approve the appropriateness of the *cy pres* procedure, recipient and amount of the *cy pres* distribution. The *cy pres* distribution and recipient should have a direct and substantial nexus to the interests of absent class members and thus properly provide for the 'next best distribution' to the Class. Whatever method is used to determine an appropriate *cy pres* procedure and recipient should be a legitimate discussion between informed parties. Allowing the process to be determined at a later date by an undefined process is not an appropriate method nor consistent with Class Action Policy. It also gives no due process for any Class Member who might object to the *cy pres* process and result.

8. Attorneys' fees are disproportionate to the value of the Recovery of the Class (See Paragraphs 3, 4. 5 and 6 above).

9. The Objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for their role in improving the Settlement, if applicable.

Respectfully submitted by:

_____
Pamela A. Sweeney, Pro Se
2590 Richardson Street
Madison, WI 53711
310-339-0548
pam.1sweeney@gmail.com

_____
Patrick A. Sweeney, Pro Se
2590 Richardson Street
Madison, WI 53711
310-339-0548
patrick@sweeneylegalgroup.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 22, 2016, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of Illinois by sending this document via U.S. First Class Mail Delivery thus complying within the timeframe described in the Legal Notice published in this case.

I also provided a copy of these documents to the counsel for the Plaintiffs and the Defendants via e-mail on February 22, 2016. All addresses for the recipients are as described below.

PLAINTIFF'S COUNSEL
Joseph J. Siprut, Esquire
SIPRUT PC
17 North State Street190 LaSalle Street, Suite 1600
Chicago, IL 60602

DEFENDANT'S COUNSEL
Mark Master, Esquire
Kathleen P. Lilly, Esquire
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611


U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Clerk of Court's Office
EVERETT MCKINLEY DIRKSEN
UNITED STATES COURTHOUSE
219 South Dearborn Street
Chicago, IL 60604

SETTLEMENT ADMINISTRATOR
Western Union Text Message Settlement
C/O Epiq Systems, Inc.
PO Box 3145
Portland, OR 97208-3145

_____
Patrick S. Sweeney, Pro Se
2590 Richardson Street
Madison, WI 53711
310-339-0548
patrick@sweeneylegalgroup.com