## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-1741 |
| v. | ) ) ) | |
| THE WESTERN UNION COMPANY, a Delaware corporation, | ) ) ) | Hon. Gary Feinerman |
| Defendant. | ) ) | Magistrate Judge Jeffrey Cole |

---

## MEMORANDUM OF BETHANY CAROL PRICE IN
## OPPOSITION TO MOTION FOR DISCOVERY [Doc. 72]

---

**NOW COMES** Bethany Carol Price, by and through her undersigned counsel, and respectfully submits her opposition to the motion for discovery [Doc. 72] filed by Plaintiff and Class Counsel:

> W. Allen McDonald, Esq.
> **Lacy, Price & Wagner, PC**
> 249 N. Peters Road
> Suite 101
> Knoxville, TN 379234917
> Tel: 865-246-0800
>
> Lloyd C. Chatfield, II
> **Law Offices Of Lloyd C. Chatfield II**
> 39W127 Bartelt Road
> Geneva, IL 60134
> Tel: 888-695-4535
>
> *Counsel for Bethany Carol Price*

Dated: March 9, 2016

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Plaintiff's Motion For Discovery Should Be Stricken Based Upon Class Counsel's Complete and Undisputed Failure to Comply with the Meet and Confer Requirements of Local Rule 37.2 (as Well as Judge Feinerman's Procedures). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B. Under Any Reasonable Interpretation of the Settlement Class Definition, Ms. Price Is a Settlement Class Member and Satisfied Every Court-Ordered Requirement to Object. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C. Plaintiff and Class Counsel's Assault on Ms. Price's Attorneys Does Not Open the Door for a Discovery Fishing Expedition.. . . . . . . . . . . . . . . . . . . . . . . 10

    D. It is Premature at This Stage to Permit Plaintiff and Class Counsel to Launch Discovery Into Ms. Price's Ability to Post an Appellate Bond. . . . . . . . . . . . . . . 13

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**I.	PRELIMINARY STATEMENT**

On February 22, 2016, Bethany Carol Price ("Price") submitted an objection to the proposed Settlement. [Doc. 69]. Price met every requirement set by the Class Notice, *i.e.*, timely submitting an objection in the case listing the requisite personal data, including a signed declaration stating, under penalty of perjury, that she is a member[1] of the Settlement Class, a statement of objections to the proposed Settlement setting forth the legal and factual basis for each objection, and a statement of whether she intends to appear at the Fairness Hearing.[2]

On March 3, 2016, Plaintiff filed a "Motion for Leave for Discovery from Objectors" [Doc. 72] in which Plaintiff's counsel, Siprut PC ("Class Counsel") seeks to depose Ms. Price and other Objectors. Also on March 3, 2016, Class Counsel filed a notice on behalf of the Plaintiff indicating the motion would be presented to the Court on March 10, 2016. [Doc. 73]. As discussed below, neither Mr. Chatfield nor Mr. McDonald was contacted by Class Counsel relative to the motion or the notice and neither Mr. Chatfield nor Mr. McDonald (whose office is in Knoxville, Tennessee), is available to attend a hearing on March 10, 2016 in person. If the Court is inclined to entertain the Plaintiff's motion as noticed, Mr. McDonald would respectfully request that he be permitted to participate via telephone.

---

[1]According to the Class Notice, the Settlement Class is defined as:

> all persons in the United States who received one or more unsolicited text messages sent by or on behalf of Western Union between March 12, 2010 and November 10, 2015.

[Class Notice, p. 3, at ¶ 6].

[2]On February 29, 2016, Ms. Price was finally permitted to submit a claim and received confirmation of her claim from the Administrator.

Significantly, in order to be permitted to take the deposition of an absent class member, Plaintiff must make a strong showing of need. As Ms. Price demonstrates, there can be no serious dispute that Plaintiff has fallen well short of satisfying his burden here.

Plaintiff first incorrectly suggests that Ms. Price is not a member of the Settlement Class and that an investigation by Class Counsel purportedly revealed that her credibility is questionable due to her alleged "criminal history." Next, Plaintiff also suggests that Ms. Price's counsel are "professional objectors," and that her deposition is necessary to learn her "motives" for objecting. Finally, Plaintiff ridiculously seeks discovery of Ms. Price's financial condition, allegedly to insure that she has the ability to post an appellate bond that might possibly be imposed at a later date, notwithstanding the fact that the Court has not yet decided whether to even approve the proposed Settlement, has not held a hearing on the issue of final approval, much less entered a final judgment. Thus, there is no decision for Ms. Price to appeal, and even if so, the Court has not imposed an appeal bond. The motion in this respect is simply premature.

Make no mistake, Plaintiff's motion is both procedurally and substantively improper. <u>First</u>, on its face, the motion should be summarily stricken because it lacks a Local Rule 37.2 certification that Class Counsel either met and conferred with Ms. Price's counsel about the subject of the motion before filing the motion or attempted to discuss the motion with him before its filing. In fact, no efforts appear to have been made by Class Counsel to contact Ms. Price's counsel before the motion was filed. Under LR 37.2 and this Court's own operating procedures for discovery motions, the motion should be summarily stricken from the record.

<u>Second</u>, even if, arguendo, the Court declines to strike the motion based upon the foregoing procedural deficiency, it should be denied on substantive grounds. As it turns out, if Class Counsel

had bothered to contact Ms. Price's counsel, Ms. Price's counsel would have learned that Ms. Price retained the two unsolicited text messages she received from Western Union on March 23, 2015,[3] and that under the explicit definition approved by the Court, it simply cannot be disputed that Ms. Price is a member of the Settlement Class.

Moreover, if Class Counsel had ventured to contact Ms. Price's counsel, he would have also discovered that "information" purportedly derived from Class Counsel's purported investigation of Ms. Price's criminal history was wrong, and that Ms. Price has no conviction on her record that might tend to compromise her credibility.

Third, Plaintiff's motion assails Ms. Price's counsel as so-called "professional objectors," and seeks to take Ms. Price's deposition in order to delve into her "motives" for objecting to the proposed Settlement. To be sure, this attack serves no purpose other than to harass and intimidate Ms. Price and other Settlement Class members (who merely seek to exercise their rights to oppose the proposed Settlement) into abandoning their objections. After all, Ms. Price has never previously filed an objection to a class action settlement, has certified in writing that she is a member of the Settlement Class, and has provided indisputable evidence of that membership. [Doc. 69, at p. 22]. There is no legitimate question regarding her motivations. Thus, Plaintiff has failed to satisfy his heavy burden to show there is a particularized need for any discovery from Ms. Price.

In attacking Ms. Price and her counsel for objecting to their proposed Settlement, Plaintiff and Class Counsel altogether disregard Ms. Price's right to challenge the propose Settlement. As the Seventh Circuit has repeatedly made clear, "objectors play an essential role in judicial review of

---

[3] Attached hereto as Exhibit A to the Declaration of Allen McDonald (Exhibit 1) is a copy of a "screen-shot" of the text messages received by Ms. Price from Western Union on March 23, 2015. A copy of the "screen-shot" was transmitted to Class Counsel.

proposed settlements of class actions. . . ." *Pearson v. NBTY, Inc.*, 772 F.3d 778, 787 (7th Cir. 2014); *see also Eubank v. Pella Corp.*, 753 F.3d 718, 720-21 (7th Cir. 2014). Indeed, Judge Posner recently emphasized that the submissions and arguments of objectors are often important to a court's consideration of class action settlements. In *Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014), Judge Posner stated:

> The judge asked to approve the settlement of a class action is not to assume the passive role that is appropriate when there is genuine adverseness between the parties rather than the conflict of interest recognized and discussed in many previous class action cases, and present in this case. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014); *Staton v. Boeing Co.*, 327 F.3d 938, 959-61 (9th Cir. 2003); *In re GMC Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801, 819-20 (3rd Cir. 1995). Critically the judge must assess the value of the settlement to the class and the reasonableness of the agreed-upon attorneys' fees for class counsel, bearing in mind that the higher the fees the less compensation will be received by the class members. When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors (that is, versus class counsel and the defendant).

*Id.* at 629.

Thus, the Court should be mindful that allowing Plaintiff and Class Counsel to engage in unduly burdensome discovery of Ms. Price and other objecting Settlement Class members would have a chilling effect on the willingness of class members to exercise their right to object to unfair settlements. Ordering the discovery sought by Plaintiff in his motion would simply allow Class Counsel to embark on a fishing expedition.

<u>Fourth and finally</u>, Plaintiffs' attempt to obtain discovery into Ms. Price's financial condition to determine whether Ms. Price has the ability to post an appellate bond should also be rejected outright as extraordinarily premature, unabashedly presumptuous, and unduly burdensome at this

stage of the proceedings. The Court has not granted final judgment and there are no appeals pending at this time, much less a motion to impose an appeal bond. Moreover, for all of this, the request is yet another attempt to intimidate or harass Ms. Price (and other objecting Settlement Class members) into abandoning their objections.

For all of these reasons, and others set forth below, Plaintiff's motion should be stricken in its entirety, or alternatively, denied in all respects.

## II. STANDARD OF REVIEW

Although "[t]he Federal Rules of Civil Procedure do not provide for discovery from absent class members . . . . under the general authority provided to them in the class action context by Rule 23(d), federal courts have, on occasion, allowed such discovery to take place." *In re Publication Paper Antitrust Litig.*, No. 04-MD-1631, 2005 WL 1629633, at *1 (D. Conn Sept. 7, 2005). The court further noted that, "those courts that have allowed such discovery have required the defendant to (1) make a strong showing of the need for the particular discovery and (2) narrowly tailor its requests to its particular need, so as not to burden the absent members." *Id*. (collecting cases).

## III. ARGUMENT

**A.  Plaintiff's Motion For Discovery Should Be Stricken Based Upon Class Counsel's Complete and Undisputed Failure to Comply with the Meet and Confer Requirements of Local Rule 37.2 (as Well as Judge Feinerman's Procedures).**

Plaintiffs' motion for discovery does not contain a certification that Class Counsel met and conferred with or attempted to meet and confer with Ms. Price's counsel (or any Objectors' counsel, for that matter). And for good reason, as Class Counsel made no attempt at all to discuss the motion for discovery with Ms. Price's counsel or made any attempt to resolve issues raised by the motion.

Consequently, Plaintiff's motion fails to comply with Rule 37.2 of the Local Rules of the Northern District of Illinois ("Local Rule 37.2"). In pertinent part, Local Rule 37.2 provides that:

> [the] court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rule 26 through 37 of the Federal Rules of Civil Procedure, unless a motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's.

Local Rule 37.2's consultation requirement encourages the resolution of discovery disputes without judicial involvement. To be sure, in some circumstances, consultation may be futile, allowing movants to escape the rule's requirement, but that is certainly not the case here. Indeed, Ms. Price's counsel would have welcomed the opportunity to respond to inquiries about his client's standing, about unfounded allegations concerning Ms. Price's so-called criminal history, about Ms. Price's motives for objecting, and about her relative ability to pay an appeal bond. Ms. Price's counsel has reached out to Class Counsel in an effort to discuss those issues and his own pursuit of discovery from the parties in this case.[4]

Significantly, Local Rule 37.2 is not a mere suggestion to parties; rather, it is a mandate. Plaintiff cannot unilaterally decide to disregard a Local Rule, no matter what may be the excuse. "[F]ailure to comply with the local rules is not merely a 'harmless technicality,' but can be a 'fatal'

---

[4]In contrast to Class Counsel's disregard for Local Rule 37.2, Ms. Price's counsel sent a letter to counsel for Plaintiff and Defendant seeking to meet and confer with them about discovery Ms. Price seeks from their clients and issues raised in Plaintiff's motion. *See* March 8, 2016 Letter from McDonald to Siprut and Nestor, Exhibit B to McDonald Declaration. In that letter, Ms. Price's counsel indicates that, among other things, given the fact that Plaintiffs are challenging Ms. Price's membership in the Settlement Class, he requires discovery regarding the definition of "unsolicited texts messages" and the identity of the person charged with determining whether a text message is "unsolicited" for purposes of qualifying for benefits.

mistake." *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, 2004 U.S. Dist. LEXIS 26861, 2004 WL 3021842, at *4 (N.D. Ill. 2004). To achieve the explicit purpose of Local Rule 37.2 "[t]o curtail undue delay and expense in the administration of justice," courts are mandated to refuse to hear any motions for discovery and production of documents under Rules 26-37 unless the motion includes the statement prescribed by the Rule. *See Autotech Techs., Ltd. P'ship. v. AutomationDirect.Com, Inc.*, 2007 U.S. Dist. LEXIS 68116, at *4-5 (N.D. Ill. Sept. 12, 2007).

What's more, under Judge Feinerman's own procedures for discovery motions, such motions "must comply fully with Local Rule 37.2, which sets forth certain 'meet and confer' requirements." Judge Feinerman's procedures also declare that "[d]iscovery motions that do not fully comply with Local Rule 37.2, including its certification requirements, will be stricken."

Here, considering the mandatory language of Local Rule 37.2, this Court's discovery motion procedures, and Class Counsel's undisputed failure to make any attempt to comply with those rules and procedures, this Court should strictly enforce the rule in this instance and strike the motion for discovery. *See, e.g., Sondker v. Philips Elecs. N. Am.*, 2004 U.S. Dist. LEXIS 14477, 2004 WL 1687016, at *2 (N.D. Ill. 2004) (striking moving party's motion for failure to comply with Local Rule 37.2's consultation statement requirement).

Under the circumstances presented, the undersigned believes that many of the issues, if not all of them, can be resolved by way of a proper Local Rule 37.2 conference. *See CCC Information Services, Inc. v. Mitchell Intern., Inc.*, No. 03 C 2695, 2006 U.S. Dist. LEXIS 87255, *6 (Dec. 1, 2006) ("The purpose of Local Rule 37.2 is to avoid judicial intervention in matters that can be resolved through discussion and negotiation."). Accordingly, the Court should strike the motion and require the parties to meet and confer within a reasonable period in order to discuss each disputed

issue raised by Plaintiff's motion as well as those identified by Ms. Price's counsel in his March 8, 2016 letter to Class Counsel (Exhibit B to McDonald Declaration).

> **B. Under Any Reasonable Interpretation of the Settlement Class Definition, Ms. Price Is a Settlement Class Member and Satisfied Every Court-Ordered Requirement to Object.**

Plaintiff has failed to make a "strong showing" for deposing Ms. Price. The bases for Ms. Price's objections are unambiguous. She objected to the adequacy of the settlement amount, the amount of proposed attorneys' fees, and the named Plaintiff's incentive award. To be certain, the only issue raised by Plaintiff that even deserves the Court's attention here is whether Ms. Price is a member of the Settlement Class. She has sworn, under oath, that she is a member of the Settlement Class, pointing to unsolicited text messages she received from Western Union on March 23, 2015 (during the Class Period), which have been provided to Class Counsel and to the Court. (Exhibit A to McDonald Declaration). Accordingly, unless Plaintiff is now arguing that the Settlement Class definition they have specified (which the Court approved) is incorrect, then Ms. Price's membership in the Settlement Class is no longer subject to be reasonably disputed.

Notwithstanding all of this, Plaintiff maintains that discovery of Ms. Price is necessary because her status as a Settlement Class member is purportedly "dubious," as the administrator "found no record" of Ms. Price being a Settlement Class member. But again, Ms. Price has complied with the Court's requirements for showing her Settlement Class membership and for objecting.[5] She

---

[5] The class is defined as "all persons in the United States who received one or more unsolicited text messages sent by or on behalf of Western Union between March 12, 2010 and November 10, 2015." Given Plaintiffs' position that Price is not a Settlement Class member, notwithstanding the fact that she received an unsolicited text message from Western Union during the relevant time period, Price intends forthwith to supplement her Objection to assert that the Settlement Class appears to be so ill-defined that it requires an evidentiary hearing to determine who is (and is not) a Settlement Class member.

has provided evidence of that membership. And further, she has submitted a claim for benefits, notwithstanding encountering substantial difficulties in doing so.[6]

Not content that Ms. Price has met the requirements for membership in the Settlement Class, Plaintiff next suggests that Ms. Price was "involved in several crimes, including possession of cocaine with the intent to distribute, possession of marijuana, and possession of drug paraphernalia" and that "[i]f any crimes committed by Ms. Price go towards her credibility, then Class Counsel should be permitted to introduce that information as evidence to challenge Ms. Price's declaration." [Doc. 72, at Page ID#: 628].

First and foremost, these comments by Class Counsel are plainly intended to harass, intimidate, and embarrass Ms. Price in an unveiled effort to cause her to abandon her objection. For certain, Plaintiff has offered nothing by way of evidence to substantiate their naked statements that Ms. Price was "involved in several crimes," a statement which, to say the least, stretches credulity. Besides, even if, arguendo, Ms. Price had been convicted of all of the offenses to which Plaintiff refers (she was not), Plaintiff offers absolutely nothing to call her veracity into question, and even if they did, Ms. Price's membership in the Settlement Class cannot now be disputed.

What's more, if Class Counsel had actually followed the rules and contacted Ms. Price's counsel to confer with him prior to filing this vitriolic motion, Ms. Price's counsel would have advised him that Ms. Price has never used or possessed cocaine, never been charged with such a crime, and has certainly never been convicted of possessing cocaine with intent to distribute – as Plaintiff alleges in his motion. *See* March 8, 2016 Letter from McDonald to Siprut, Exhibit B to McDonald Declaration. And frankly, it would not matter if such convictions *did* exist on Ms. Price's

---

[6]*See* confirmation email from Administrator, Exhibit C to McDonald Declaration.

-9-

record. *See U.S.A. v. Galati*, 230 F.3d 254, 262 (7th Cir. 2000) ("[N]othing about her [drug possession] conviction actually suggests the likelihood that she would be dishonest or deceitful. A drug related offense cannot be admitted 'for the sole purpose of making a general character attack.'" *Id*. (citing *United States v. Cameron*, 814 F.3d 403, 405 (7th Cir. 1987).

In the last analysis, Ms. Price's membership in the Settlement Class cannot be disputed.

### C. Plaintiff and Class Counsel's Assault on Ms. Price's Attorneys Does Not Open the Door for a Discovery Fishing Expedition.

Next, Plaintiff and Class Counsel suggest that Ms. Price's role in objecting to the proposed Settlement is "questionable," referring to her counsel as so-called "professional objectors." [Doc. 72, at Page ID#: 628]. Accordingly, Plaintiff asks the Court to sanction a fishing expedition to permit Class Counsel to see what might turn up to flush-out Ms. Price's "motive" for objecting. *Id*. To be sure, the Court should not be misled or distracted by personal attacks on Ms. Price's counsel (or other objectors' counsel for that matter). Respectfully, the Court should focus on the substance of the objections, not personal attacks directed at counsel. Notably,

> there is a recognition that objectors make the system work better overall, and perhaps even make it more difficult for class counsel to overreach in a way that harms defendants. Judges are more cognizant of their responsibilities under Rule 23(e), and they increasingly realize that counsel for objectors can help them carry out their responsibilities.[7]

Plaintiff and Class Counsel ridiculously impute some sort of improper motive to Ms. Price. Such allegations demonstrate a fundamental misconception of the role played by objecting class

---

[7] Morrison, Alan B., *Improving the Class Action Settlement Process: Little Things Mean a Lot*, 79 Geo. Wash. L. Rev. 428 (Feb. 2011).

members in the settlement process. Well-respected jurists[8] take a decidedly different view, acknowledging the importance of objecting class members in the final approval determination. Indeed, three of the leading class action cases of the last two decades – *Amchem, Ortiz,* and *Devlin*[9] – resulted when objectors litigated successfully all the way to the Supreme Court. While the undersigned could address these disparaging remarks point-by-point, the Court should focus on the merits of the objections, not personal rancor by Class Counsel.

Ms. Price has never filed any other class action objection. She has already certified that she is a member of the Settlement Class. [Doc. 69, at p. 22]. There is no legitimate question regarding her motivations. Furthermore, Ms. Price's testimony will contribute absolutely nothing to the Court's assessment of the adequacy of the recovery for the class or the reasonableness of Class Counsel's fee request. *See In re Fine Paper Antitrust Litigation*, 751 F.2d 562, 587 (3rd Cir. 1984) ("We fail to see how motives of the objectors, other than the obvious financial one of maximizing their recovery, would make any fact of consequence to the determination of reasonable fees more or less probable.") (citing Fed. R. Evid. 401).

More than anything, it appears clear that Class Counsel's main goal is to manipulate and gain a tactical advantage in this litigation, not to obtain needed information. *In re Publication Paper Antitrust Litig.*, 2005 WL 1629633, at *2; *see also Trombley v. Bank of America Corp.*, No. 08-CV-456, 2011 WL 3740488, at * 5 (D. R.I. Aug. 24, 2011) (denying a request to include in a class notice that counsel would be able to depose objectors, noting that although "[c]ourts have

---

[8]*Redman v. Radioshack Corp.*, 768 F.3d 622, 629 (7th Cir. Ill. 2014).

[9]*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997), *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 841-845 (1999), and *Devlin v. Scardelletti*, 536 U.S. 1 (2002).

recognized the problems caused by so-called professional objectors, who assert meritless objections in large class action settlement proceedings to extort fees or other payments . . . [t]he parties cite no case, however, in which a court has adopted all of the proposed objection procedures advocated here, which include . . . the opportunity for discovery conducted by class or defense counsel").

Plaintiff and Class Counsel fall well short of meeting their burden to convince the Court that the discovery sought is actually needed. "In a class action, even a putative class action, the party seeking discovery from an unnamed class member must first show a particularized need for said discovery and first seek permission from the court." *In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 550 (E.D. Tenn. 2013); *Manual for Complex Litigation* (*Fourth*) § 21.14 (2004) ("Discovery of unnamed members of a proposed class requires a demonstration of need."). In other words, a party seeking the deposition of absent class members has the "severe" burden of showing necessity and the absence of any improper motive to take undue advantage of the class members. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974).

Importantly, discovery may not be designed as a mere tactic to take advantage of a class member or as a strategy to reduce the number of objectors. *Id*. at 340. The party seeking discovery has the burden of demonstrating its merits. *Id*. at 341. Here, as Ms. Price has demonstrated, the information sought is simply unnecessary, revealing a strategy by Class Counsel to reduce the number of objectors, presumably to protect Class Counsel's attorneys' fee award.

Because they lack a legitimate need to depose Ms. Price and the rancor displayed in their motion, Plaintiff and Class Counsel's quest to depose Ms. Price seems driven by a desire to intimidate her into abandoning her Objection. To be sure, Plaintiff and Class Counsel's efforts to meet the requisite "strong showing" of need to depose Ms. Price are not persuasive. *See Corpac v.*

*Rubin & Rothman, LLC*, 2:10-cv-04165 (E.D. N.Y. July 18, 2012) (denying request by class counsel to depose objector and noting the requirement of a "strong showing" of need by class counsel).

In the end, it appears that Class Counsel seeks to depose Ms. Price for the purpose of protecting their own financial interests in the proposed Settlement, as no other legitimate need for such discovery exists. After all, the issues raised by Ms. Price are hardly unique, and resolution of those issues will not require her testimony. Plaintiff's motion was filed for a clear tactical purpose: to harass, intimidate, and discourage Ms. Price and other objectors. Ms. Price respectfully submits that this is an improper purpose for permitting the discovery of an absent Settlement Class member. The motion should therefore be denied.

### D. It is Premature at This Stage to Permit Plaintiff and Class Counsel to Launch Discovery Into Ms. Price's Ability to Post an Appellate Bond.

Finally, Plaintiff and Class Counsel seek permission to conduct discovery to inquire about Ms. Price's "ability to post bond for an appeal." [Doc. 72, at Page ID#: 631]. But the Court has not even considered final approval of the proposed Settlement. Accordingly, it is simply premature to permit Plaintiff and Class Counsel to engage in discovery of Ms. Price's finances.

Moreover, Plaintiff and Class Counsel have certainly not shown it would be appropriate for the Court to allow the requested discovery in the context of an appeal, especially a non-existing one. Frankly, it is unclear what relevance any such discovery would have to the issues on appeal, or even if or how it would become part of the appellate record. *See Golloher v. Todd Christopher Int'l, Inc.*, 2014 U.S. Dist. LEXIS 91942, at *6 (N.D. Cal. July 7, 2014).

## IV. CONCLUSION

For the reasons set forth above, Ms. Price would respectfully ask the Court to strike Plaintiff's motion for discovery. [Doc. 72].

Respectfully submitted, this 9th day of March, 2016.

/s/ W. Allen McDonald
W. Allen McDonald, Esq.
**Lacy, Price & Wagner, PC**
249 N. Peters Road
Suite 101
Knoxville, TN 379234917
Tel: 865-246-0800

Lloyd C. Chatfield, II
**Law Offices Of Lloyd C. Chatfield II**
39W127 Bartelt Road
Geneva, IL 60134
Tel: 888-695-4535

*Counsel for Bethany Carol Price*

**CERTIFICATE OF SERVICE**

I do hereby certify, that on March 9, 2016, a copy of the foregoing was submitted electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. A copy of the foregoing was served on the following recipients, via U.S. First Class Mail, postage prepaid.

Joseph J. Siprut
Ismael T. Salam
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602

John Knott
c/o C. Jeffrey Thut, Esq.
**NOONAN, PERILLO & THUT**
25 N. County Street
Waukegan, IL 60085

Pamela A. Sweeney, Pro Se
Patrick A. Sweeney, Pro Se
2590 Richardson Street
Madison, WI 53711

This 9th day of March, 2016.

                                                      /s/ W. Allen McDonald
                                                    W. Allen McDonald