UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, ) | **REPONSE TO PLAINTIFF'S MOTION FOR LEAVE FOR DISCOVERY FROM OBJECTORS** |
| Plaintiff, ) | |
| v. ) | **Case: 1:14-cv-01741** |
| THE WESTERN UNION COMPANY, a Delaware corporation, ) | Date: March 10, 2016 |
| Defendant. ) | Time: 9:00 a. m. CST |
| | Judge: Honorable Gary Feinerman |

## I. STATEMENT OF FACTS

Plaintiff Counsel served on Patrick S. Sweeney and Pamela A. Sweeney, (collectively the "Objector") via Federal Express a copy of the PLAINTIFF'S MOTION FOR LEAVE FOR DISCOVERY FROM OBJECTORS and NOTICE OF MOTION (collectively the "Motion") on approximately 9:30 a.m. CST Monday, March 7, 2016 while Objector was taking his daughter to school. The Notice of Motion provided for a hearing at 9:00 a.m. CST as the time for a hearing on the Motion. The notice gave the Objector less than 72 hours to prepare for the hearing. The Objector already had a full schedule of activities for the week. Nonetheless the Objector files this response to the Motion.

## II. TIMELINESS OF OBJECTOR'S FILING

First , however, Objector needs to correct the Plaintiff statements regarding the timeliness of the Objector's objection. In its Motion Plaintiff states:

"Mr. and Mrs. Sweeney's objection was late and in violation of the Preliminary Approval Order. If the Court denies Mr. and Mr. Sweeney's objection on this basis, then Plaintiff will withdraw his request to depose them as moot."

The Sweeney Objection was placed in the mail on February 22, 2016.
(See Certificate of Service on the Sweeney Objection). The Legal Notice published in this matter clearly states

"You must file your objection with Court and mail or email your objection to each of the following *postmarked or emailed by February 22, 2016....*"

If Plaintiff's Counsel is suggesting that the Notice must be interrupted in some sort of twisted fashion so that the clear language simply means something other than how it reads then the Notice itself fails to be clear and therefore is void *ab inito* due to its confusing language on the face of the Notice. If this is the case, Objector argues that the entire notice process is void and the Notice must be redrafted and circulated again. This time the Notice must be concise so that a reasonable person can understand, in no uncertain terms, the information contained in the Notice, particularly the time deadlines.

## III. THE MOTION IS IN RETALIATION FOR OBJECTOR FILING THE OBJECTION

Regarding the Motion itself Objector opposes the Plaintiff's Motion. A settlement in this matter was preliminarily approved on November 10, 2015. Notice of the settlement was given to the class and Objector is an unnamed class member who responded to the invitation contained in the notice and mandated by FRCP Rule 23 by timely objecting to the proposed settlement. Objector contends that the Motion is brought in retaliation for exercising the right to object. By way of example the service of the Motion predictably interrupted the Objector's schedule and embarrassed Objector in front of his child.

Furthermore, the timeframe for the service of the Motion and the hearing date indicates that class Counsel sat on the objections for two weeks before serving the Motion. Then, allowing less than 72 hours for Objector to rearrange its schedule, research the issues, contact Clerk to set

up phone a appearance and draft this response all the while fulfilling its previously scheduled business appointments, conduct matters in a solo legal practice, attend to Objector's prescheduled medical appointments for himself ,his wife and his young son. Regardless of Class Counsels stated motives it is hard to imagine how the above facts suggest anything but a punitive motive regarding the content and timing of the Motion and scheduled hearing on the Motion.

The Motion is improper and abusive. The discovery violates the requirements of Rule 26(b)(1), as it has no relevance to this settled case. The discovery cut-off has long since passed. Class counsel has offered no proof (formal or informal) to show why this discovery is necessary or would benefit the court. The reasons offered in the Motion are baseless and meaningless (see Section VII below) and thereby suggests harassment against the Objector by Plaintiff's Counsel as the motive for the Motion. This Motion is oppressive and malicious, designed only to defy Congressional mandate and deter objectors from responding with meaningful criticism.

## IV.   THE SAMPLE REQUEST IS SEEKS PRIVILEGED MATERIALS

Rule 45 of the Federal Rules of Civil Procedure **requires** the court to quash a subpoena that:

> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

> (iv) subjects a person to undue burden
> F.R.C.P. 45(3)(A)(iii) and (iv.)

Included within Class Counsel's Motion was a sample of a "rider to subpoena". Examples of discovery to be produced or testify that request privileged information are as follows:

1. All Documents that relate to communications between You and Your Attorneys not made for the purpose of You securing legal advice.

2. All Documents that relate to communications from Your Attorney to You soliciting professional employment [**I am not kidding–comment added**].

3. Documents that relate to any and all objections that You filed on Your behalf or on behalf of someone You represented to the approval of any class action settlement in any court in the United States (state or federal), including evidence of any payments made to You or someone You represented in exchange for withdrawing an objection or dismissing any appeal of an objection overruled at the trial court level.

4. All Documents that relate to any agreement describing the circumstances under which You or someone You represent might receive any financial compensation in connection with any objections that You filed to any class action settlement, including but not limited to the Action.

5. All Documents that relate to any agreement describing the circumstances under which You or someone You represent might receive any financial compensation in connection with any objections that You filed to an application for attorneys' fees in connection with a class action settlement...

...9. All Documents that relate to any transfer of money between You and Your Attorneys.

10. All Documents that relate to any transfer of money between You and any attorney.

11. Any retainer or engagement agreement between You and Your Attorneys concerning the Action or any other class action objection You have filed.

12. All Documents that relate to any communication between You or Your Attorneys, on the one hand, and any lawyer who is not your attorney, on the other hand, concerning the Action,... including, but not limited to any lawyer associated with: (a) Lacy, Price & Wagner P.C.; (b) Patrick Sweeney; or (c) Pamela Sweeney.

13. All Documents that relate to any communication between Your Attorneys and any lawyer concerning the Action, including, but not limited to any lawyer associated with: (a) Noonan, Perillo & Thut, Ltd.; (b) The Bandas Law Firm, PC; (c) Lacy, Price & Wagner P.C.; (d) Patrick Sweeney; or (e) Pamela Sweeney

14. All Documents that relate to any agreement or fee sharing arrangement between You and any lawyer associated with (a) Noonan, Perillo & Thut, Ltd.; (b) The Bandas Law Firm, PC; (c) Lacy, Price & Wagner P.C.; (d) Patrick Sweeney; or (e) Pamela Sweeney.

15. All Documents that relate to any agreement or fee sharing arrangement between Your Attorneys and any lawyer associated with (a) Noonan, Perillo & Thut, Ltd.; (b) The Bandas Law Firm, PC; (c) Lacy, Price & Wagner P.C.; (d) Patrick Sweeney; or (e) Pamela Sweeney

Here, the information sought falls squarely within the attorney client privilege. The information sought constitutes confidential and privileged communications; for instance attorney/client fee agreements are protected by law. None of the requested documents have any relation to the merits of this lawsuit.

Class Counsel also seeks information regarding this objector and the objector's attorneys past involvement as class action objectors. This may well be with the attorney client privilege as well.

Accordingly, this Court must deny Class Counsel's Motion.

## V.  THE MOTION SHOULD BE DENIED BECAUSE IT SEEKS IRRELEVANT, BURDENSOME AND OVERLY BROAD DISCOVERY

Rule 26 provides, "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defense…" F.R.C.P. 26(b)(1). Subject to final approval, this case is settled. Accordingly, no information from an unnamed class member can be relevant to a claims made in the complaint.

Class Counsel doesn't seek information relevant to either party's claim or defense. The information and documentation is so broad as to render itself absurd.. Examples of irrelevant, burdensome and overly broad requests included in the "sample" are as follows:

18. All court orders and opinions stating that You have been convicted or found guilty of a crime, which is punishable by death or imprisonment for more than one year.

19. All court orders and opinions stating that You have been convicted or found guilty of a crime that was classified as a felony in the convicting jurisdiction.

20. A document containing any of the following information regarding each criminal proceeding in which You were convicted or found guilty of a crime, which is punishable by death or imprisonment for more than one year: (a) case caption; (b) case number; (c) prosecutor's name; (d) presiding judge's name; or (e) jurisdiction of proceeding.

21. A document containing any of the following information regarding a proceeding in which You were convicted or found guilty of a crime that was classified as a felony in the convicting jurisdiction: (a) case caption; (b) case number; (c) prosecutor's name; (d) presiding judge's name; or (e) jurisdiction of proceeding.

**(Note: We are about to leave the realm of privileged, irrelevant, burdensome and overly broad and enter the world of harassing, troublesome, bizarre and verging on surreal-comment and emphasis added).**

22. All court orders and opinions stating that You have been convicted or found guilty of a crime involving dishonesty or false statement, including, but not limited to:

a. breach of trust;

b. bribery;

c. burglary;

d. corruption;

e. counterfeiting;

f. drug trafficking;

g. illegal sale, manufacture or distribution of drugs;

h. embezzlement;

i. extortion;

j. falsification or falsifying documentation, evidence or an oath;

k. forgery;

l. fraud;

m. theft;

n. impersonation;

o. misapplication or misappropriation of funds;

p. money laundering;

q. perjury;

r. possession or receipt of stolen property;

s. robbery;

t. shoplifting;

u. treason. **[God forbid a traitor to the United States of America might, in addition to treason, object to a class action settlement-Comment and emphasis added].**

23. A document containing the case caption, case number, prosecutor's name, presiding judge's name, or jurisdiction of criminal proceeding in which You were convicted or found guilty of a crime involving dishonesty or false statement, including, but not limited to:

a. breach of trust;

b. bribery;

c. burglary;

d. corruption;

e. counterfeiting;

f. drug trafficking;

g. illegal sale, manufacture or distribution of drugs;

h. embezzlement;

i. extortion;

j. falsification or falsifying documentation, evidence or an oath;

k. forgery;

l. fraud;

m. theft;

n. impersonation;

o. misapplication or misappropriation of funds;

p. money laundering;

q. perjury;

r. possession or receipt of stolen property;

s. robbery;

t. shoplifting;

    u. treason. **[Again…-comment and emphasis added]**


    Each of the requests is unreasonable, irrelevant, overly broad and burdensome. As established above, the subject matter of the requests bears no relation to the merits of the underlying lawsuit.

    The purpose of this Motion is obviously to inquire into this objector's motives for filing the objection - information wholly irrelevant to the prosecution of their claims.

Class Counsel intends to dissuade objectors from participating in these proceedings. Requiring a non-party objector to attend a deposition and produce documents which provide information unrelated to the claims in the lawsuit and protected by privilege would certainly allow them to achieve that goal. Considering the nature of the requests and the posture of the case, this request is unduly burdensome and promises not fruitful evidence toward the prosecution of Class Counsel's claim.

## VI.    THE REQUEST FOR DISCOVERY IS PREMATURE

The final approval hearing is still pending. Here, the court will have an opportunity to evaluate objection ns, and the litigants will have an opportunity to participate and argue. If, at that time, this court finds there is a need for further development of facts, this t may then allow discovery.

In addition the "survey" requests information as exemplified below anticipating a motion to request an appellate bond. The examples are as follows:

24. Your most recently filed tax return.

25. Two most recent, consecutive account statements of each of your bank accounts.

These requests are clearly and premature not as of yet ripe for discovery.

The absurdity of these requests is pronounced when viewed within the framework of Federal Rule of Civil Procedure 26(b) (1). Any document responsive to any of these requests would offer no support to Class Counsel's TCPA claims – and even if the information did

support their claims, as a practical matter they would still be irrelevant because the lawsuit has settled.

This is nothing more than Class Counsel's blatant attempt to use the much touted technique to harass and intimidate this objector. As it stands now, there exists little incentive to object to a class action settlement agreement. If Class Counsel is permitted to subject objectors to burdensome and irrelevant inquisitions, surely the burden of complying with time consuming discovery requests will serve to deter all legitimate objections.

## VII. THE COURT'S PERMISSION ALLOWING DICSCOVERY FROM AN UNNAMED CLASS MEMBER SHOULD BE GRANTED IN ONLY WITH A STONG SHOWING OF NECESSITY

A court should tread lightly on allowing discovery on unnamed class members. Several courts have so cautioned.

> The Court is clear to the view that discovery proceedings, such as the proposed interrogatories, are improper, directed as they are to members of the class who are not named plaintiffs. . . . It is not intended that member of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail. . . . Interrogatories addressed to members of the class should not be permitted.

*Fischer v. Wolfinbarger* (W.D.Ky. 1971) 55 F.R.D. 129, 132.

As Judge Porter previously ruled in the Southern District of California, there is no absolute right for class counsel to propound discovery, including deposition subpoenas, on unnamed class members. *Daniels* v. *Lifelock, Inc.,* 2010 U.S. Dist. LEXIS 77220, at 2 (S.D. Cal. July 29, 2010) (citing *Jaffe* v. *Morgan Stanley & Co., Inc.,* 2008 U.S. Dist. LEXIS 12208,2008 WL 246417, at 2 (N.D. Cal. Feb. 7, 2008)). Such discovery is only permitted "upon a strong showing of necessity or at least of likely material aid in the resolution of common issues."

*Gardner* v. *Awards Marketing Corp.,* 55 F.R.D. 460, 463 (D. Utah 1972). *See also, Daniels, supra,* at 2-3.

Absent such a showing by Class Counsel, the discovery presumptively exceeds the scope of Rule 26(b)(l) and obliterates the purpose of class action such discovery proceedings are "improper.

> "The Court is clear to the view that discovery proceedings,.., are improper, directed as they are to members of the class who are not named plaintiffs. The class action is designed for the situation, as Rule 23(a)(I) specifically contemplates, where "the class is so numerous that joinder of all members is impracticable." It is designed to provide a fair and efficient procedure for handling claims where the claims or defenses of the represented parties are typical of the claims or defenses of the class, where there are questions of law or fact common to the class, and where it is fair to conclude that the representative parties will fairly and adequately protect the interests of the class. *It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail.*

*Fischer* v. *Wolfinbarger,* 55 F.R.D. 129, 132 (W.D. Ky. 1971). Many federal courts have quashed subpoenas of class action objectors in similar circumstances.

For example, in *Daniels, supra,* Judge Porter granted an order quashing an objector's deposition because:

> Although a court *may,* in its discretion, grant discovery to "assist it in determining the fairness and adequacy of the settlement," there is no absolute right to such discovery. [Citations.] .. discovery is likely to be premature pending the final approval hearing. At this hearing, the court will evaluate the objections, and the litigants will have an opportunity to meaningfully participate and present argument. If, at that time, [the Court hearing the final approval motion] finds there is a need for further development of the facts, [that Court] may allow discovery.

*Daniels, supra,* 2010 U.S. Dist. LEXIS 77220, at **2-3.

Even in a case where a Judge Snyder in the Central District of California permitted depositions, an Ohio District Court judge expressed alarm:

"THE COURT: And I guess as a matter of course, the mere fact that someone objects to a settlement, they are then subjecting themselves to being deposed? I mean, they're nonparties. They're objecting to a settlement. Are they nothing more -- they're simply nothing more than a

witness, are they not?" *Stern v. AT&T,* Case No. 1:10MC85, USDC NDOH (Eastern Div), Hon. John R. Adams, November 12, 2010.

This position is uniformly followed, based upon the rationale of Rule 23:

> It would be incompatible with the rationale of Rule 23, an undue burden upon the members of the class, unnecessary, and unjustifiably dilatory to permit the proposed interrogatories at this stage of the case. . . . Interrogatories submitted to the class [should] be authorized only upon a strong showing of necessity or at least of likely material aid in the resolution of common issues. This is not such a case.

*Gardner v. Awards Marketing Corp.* (D.Utah 1972) 55 F.R.D. 460, 462-63.

The court in *Clark v. Universal Builders* (7th Cir. 1973) 501 F.2d 324, agreed that a strong showing of necessity must be made before allowing discovery from unnamed class members:

> In appropriate circumstances absent class members may be propounded written interrogatories on a showing that the information requested is necessary to trial preparation and that the interrogatory is not designed as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants. **The party seeking discovery has the burden of demonstrating its merits.**

501 F.2d at 340 (emphasis added). There is no trial preparation here, the case has settled; the deposition can therefore not be "necessary to trial preparation." Nor has there been any showing of the possible merits of the proposed discovery; to the contrary, the timing of the subpoena suggests it is intended to scare off legitimate class objectors, or "reduce the number of claimants." The Ninth Circuit agrees: "A [party] does not have unlimited rights to discovery against unnamed class members; the suit remains a representative one. . . . The district judge may reasonably control discovery to keep the suit within manageable bounds, and to prevent

fruitless fishing expeditions with little promise of success." *Blackie v. Barrack* (9th Cir. 1975) 524 F.2d 891, 906 n.22.

Even more egregious is the fact Class Counsel (not defendants) are seeking harassing discovery from their own clients. The only "success" which could be realized here is scaring off an objector, a result flatly incompatible with the purpose of Rule 23. In fact, courts do not distinguish between plaintiff counsel and defense counsel when insisting on a showing of need: "Absent a showing of such particularized need, the Court will not permit general discovery from passive class members. . . . The Court has determined, above, that non-representative class members **shall not be subject to discovery** absent a showing of a particularized need for information that cannot be obtained from class representatives." *In re Carbon Dioxide Industry Anti-Trust Litigation* (M.D.Fl. 1993) 155 F.R.D. 209, 212 (emphasis added).

Plaintiff claims three reasons that it must seek discovery. First, claims at least one of the objectors claim is "dubious". Evan if that class member was found not to be a class member there are other objectors whose objections must be considered. Secondly, plaintiff claims it needs to know about objector's attorney as some may be "questionable" because they might be represented by professional objectors. This factor is a non starter for even a reasonable discussion. Objectors may be represented by counsel of their choice notwithstanding Class Counsel's stamp of approval. Third, Plaintiff alleges a need to know the financial condition of the objectors in the event an appellate bond is requested claiming it needs to gauge the objectors' ability to post a bond if one is later sought and granted. This information is so premature at this stage of the proceeding that it not only not currently relevant but if granted the concept of "scope" in discovery matter s all but disappears.

Clearly the needs for discovery are not real or pressing. The requested discovery will not change the issues to be determined at the fairness hearing. Plaintiff has not met its burden by demonstrating a strong showing of necessity for the discovery.

It is plain from the Motion that no showing of relevance or need has been made; such showing needs to occur before a Court, prior to commanding unnamed class members to subject themselves to the rigors of discovery. The Motion is an abuse of process and the objectors should be protected from such abusive intrusions. Accordingly the Motion should be denied.

## VIII. THIS COURT MUST IMPOSE SANCTIONS

Rule 26 of the Federal Rules of Civil Procedure states that when an attorney signs and verifies a request for discovery, they warrant that the request is:

> (i) consistent with these rules and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Rule 26 goes on to say, "If a certification violates this rule without substantial justification, the court... must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." F.R.C.P. 26(g)(3). Class Counsel was not granted permission by the court to inquire about this information – likely because their request would most certainly be denied. Their attempt is not only procedurally improper, but it is also being used for an improper purpose. Wherefore, this court must impose sanctions. This

objector respectfully requests that this court grant reasonable attorneys' fees to defend against this attempted abusive wielding of the courts power by class counsel.

## IX.    CONCLUSION

Class Counsel's Motion at this stage of the litigation is clearly aimed at harassing objectors. Class Counsel seeks information irrelevant to the lawsuit and unduly burdens objectors and/or is privileged. Objector respectfully requests an order denying the Motion.

Objector respectfully requests the court award sanctions to them for being subjected to these improper discovery requests and for being required to file this Response.

Dated:   March 9, 2016          By: /s/ Patrick S. Sweeney, Pro Se

                                By: /s/ Pamela A. Sweeney, Pro Se

## Certificate of Service

The undersigned certifies that today he filed the foregoing Response to Plaintiff's Motion for Leave for Discovery from Objectors and associated documents on Plaintiff's Counsel Defendant's Counsel via email and the Court via facsimile if possible which delivery to the Court which will send electronic notification to all attorneys registered for ECF-filing. The undersigned further certifies he shall caused to be served on March 10, 20116 via USPS First Class Mail, postage prepaid, a copy of this Response to Plaintiff's Motion for Leave for Discovery from Objectors and associated exhibits upon the following:

Settlement Administrator
Western Union Text Message Settlement
C/O Epiq Systems, Inc.
PO Box 3145
Portland, OR 97208-3145

Joseph J. Siprut

Siprut PC
17 N. State Street
Suite 1600
Chicago, IL 60602

Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP
330 N. Wabash Avenue
Suite 2800
Chicago, IL 60611

/s/ Pat/rick S. Sweeney. Pro Se
Dated: March 9, 2016