**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 14-cv-1741 |
| Plaintiff, | ) ) | Hon. Gary Feinerman |
| v. | ) ) | Hon. Jeffrey Cole |
| THE WESTERN UNION COMPANY, a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR LEAVE FOR DISCOVERY FROM OBJECTORS**

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

*Counsel for Plaintiff*
*and the Settlement Class*

Plaintiff Jason Douglas ("Plaintiff"), by and through his undersigned counsel, Siprut PC ("Class Counsel"), hereby: (a) addresses the issues raised by the Court at a March 10, 2016, hearing (the "Hearing")[1]; and (b) provides his reply arguments in support of Plaintiff's Motion For Leave For Discovery From Objectors (the "Motion") (Dkt. No. 72). The Motion is opposed by: (a) Bethany Price ("Objector Price" or "Price"); and (b) Patrick Sweeney, Esq. and his wife, Pamela Sweeney (collectively, the "Sweeney Objectors"). The fourth and final objector to the proposed class action settlement is John Knott ("Knott"), who has not responded to Plaintiff's Motion.

## I.    Issues Raised By The Court.

### A.    What Is Class Counsel's Basis For Stating Objector Price Was Involved In Several Crimes?

At the Hearing, the Court stated, "[F]irst of all, you need to file a reply brief to support— to give the basis for accusing somebody in a publicly-filed document of being a cocaine dealer[.]" (Trans. 9:3-6.) In Plaintiff's Motion, Plaintiff stated:



(Mot. ¶6 (emphasis added).) Plaintiff's statements were based on information obtained using "Westlaw PeopleMap," which is a service provided by Thomson Reuters Corporation.[2]

According to Westlaw's webpage, its "People Map" service allows user to do "relevant, real-time, online people searching" and such searches will "[r]eveal vital information about key

---

[1] A true and correct copy of the Transcript of Proceedings for the March 10, 2016, hearing is attached hereto as Exhibit A and cited herein as "(Trans. __:__.)."
[2]    *See*    http://thomsonreuters.com/en/products-services/legal/large-law-firm-practice-and-management/westlaw-peoplemap.html.

witnesses." (Ex. B, March 12, 2016, Screenshot of "PeopleMap Online People Search".) When Class Counsel conducted a search on Objector Price, the Westlaw search results indicated:



(Ex. C, PeopleMap Report (Premier) for Bethany C. Price.) In her response brief, Objector Price unequivocally asserts that she "has never used or possessed cocaine [and] ***never been charged with such a crime*** . . . ." (Dkt. No. 77 at 9 (emphasis added).) However, the only support for this assertion is ***Price's counsel's declaration***, which cagily states, "***I am advised*** that [Objector Price] has never used or possessed cocaine . . . ." (Dkt. No. 77-1, Ex. B thereto (emphasis added).) Thus, it appears Price's lawyer is creating a "that's just what I was told defense" to use if his half-hearted representations prove to be false. It is exactly this type of misdirection that makes discovery necessary. Plaintiff should be allowed to ask Price, while she is under oath: (a) whether she has criminal convictions; (b) how many convictions she has; (c) where those convictions took place; (d) what she was convicted of; and (e) when those convictions occurred.

In any event, the Westlaw PeopleMap Report establishes that Class Counsel had a good-faith basis for making the statements regarding Objector Price's criminal history. Moreover, at the time the statements were made, he believed them to be highly relevant (for reasons further detailed below). Courts routinely consider convictions when weighing a witness' credibility. Fed. R. Civ. P. 609; *Brady v. Astrue*, No. 08 C 4216, 2011 WL 767881, at *3 (N.D. Ill. Feb. 28, 2011) (finding burglary conviction challenged witness' credibility); *see Dunford v. Am. DataBank, LLC*, 64 F.

Supp. 3d 1378, 1396 (N.D. Cal. 2014) (stating class representative's credibility may be attacked by an admissible felony conviction). Though this Court may feel that it makes no difference, Class Counsel was attempting to obtain discovery to determine whether Price and her counsel were either: (a) setting forth legitimate concerns of a class member; or (b) merely seeking to extort money from the class settlement for their own benefit. The reason why such data points are directly germane to approval of the pending class settlement is established directly below, in Section I.B.

In summary, in order to be duly diligent, Plaintiff's counsel was seeking discovery. For instance, Plaintiff's counsel would have liked to know: (a) Does Objector Price have a history of making tens or even hundreds of thousands of dollars by objecting to class settlements?; (b) Does Price have a history of serving as an objector for her counsel in numerous, unrelated, far-flung cases?; (c) Does Price have burdensome debts that would make it more likely that a person would engage in improper conduct in exchange for money?; and (d) Does Price have a *criminal history* that can be properly considered by the Court when assessing the truthfulness of her representations regarding her having received the text at issue and her belief that the proposed settlement is in unfair? Of course, if the Court finds that these matters are not relevant to the pending objections, Class Counsel will have no desire to take discovery from Price.

### B. What Does An Objector's Credibility Have To Do With The Merits An Objection?

At the Hearing, the Court stated, "All of [Price's] objections turn on the deal that class counsel struck for the class. So, what does her credibility have to do with any of her objections?" (Trans. 6:20-23.) Answer: Nothing. But Objector Price's credibility is relevant to *other* issues now before the Court because of her objections, such as standing and motive. *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013) (finding objectors' deposition testimony may be used to seek information regarding [their] standing, the bases for the objections, [and their]

role in objecting to this and other class settlements") *appeal dismissed* (June 18, 2014); *In re Hydroxycut*, Case No. 3:09-md-2081, Dkt. No. 1655 (S.D. Cal. Apr. 29, 2013) (Ex. D hereto.) (granting leave to conduct discovery regarding objector's standing and past history of objecting to other class settlements); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (finding document requests relating to objector's standing, the bases for objection, role in objecting to settlement at issue and other class settlements, and relationship with counsel was "relevant" and "needed"); *Scott v. Blockbuster, Inc.*, No. D 162-535, 2001 WL 1763966, at *2 (Tex. Dist. Dec. 21, 2001) (taking judicial notice of objector's prior conduct designed to "bolster or manufacture standing through the manipulation of documents submitted" and "good cause to believe that . . . objections were not filed for the proper purpose of objecting to a specific aspect of the present settlement, but rather for the improper purpose of obstructing class action settlements in general, and the settlement of this case in particular.").

Further, allowing discovery relating to an objector's credibility creates a factual record for the court to determine if there should be consequences imposed on an objector for either lodging a baseless objection or engaging in improper behavior. *Roberts v. Electrolux Home Prods.*, Case No. SACV12-1644-CAS, 2014 WL 4568632, at *12 (C.D. Cal. Sept. 11, 2014) (finding that "the objections submitted by these professional objectors do not seek to benefit the Class and appear to be made for the improper purpose of delaying the Settlement to extract a fee" and overruling the objections); *In re Hydroxycut Mktg. and Sales Pracs. Litig.*, No. 09-cv-1088 BTM (KSC), 2013 WL 5275618, at *4-5 (S.D. Cal. Sept. 17, 2013) (after permitting discovery of objector, court found that objection was "filed for the improper purpose of obtaining a cash settlement in exchange for withdrawing the objection," and subsequently struck objection for lack of credibility on standing); *Scott*, 2001 WL 1763966, at *3 (striking objections to settlement and finding "good

cause exists to sanction [objector's counsel] and his client."); ALI Principles § 3.08 cmt. c (2010) (where objectors' abusive conduct is clear, awards of costs and fees are appropriate).

### 1. Objector Price's Credibility Is Relevant To Her Standing Allegations.

An objector's credibility should be considered when his or her standing is in question. *In re Hydroxycut*, 2013 WL 5275618, at *1 (after permitting class counsel to depose objectors regarding standing, court found that deposition testimony revealed objector was not credible and consequently struck objection); *Glover v. Woodbolt Distrib., Ltd.*, No. H-12-2191, 2012 WL 5456361, at *3 (S.D. Tex. Nov. 7, 2012) (stating that parties may take discovery regarding whether objector is a settlement class member); *In re Cathode Ray Tube*, 281 F.R.D. at 533 (permitting discovery of objector and stating that "the information sought by [plaintiffs], including the bases for [the objector's] objection and his **claimed standing** to object, are **clearly relevant** to the Settlement now before the Court") (emphasis added); *In re Netflix*, 2013 WL 6173772, at *5 (recognizing plaintiff may seek discovery regarding objector's standing).

Here, Plaintiff has good reason for seeking to investigate whether Objector Price received the text at issue, *i.e.*, whether she possesses standing. *First*, prior to filing the Motion, the Settlement Administrator stated that Price does **not** appear on the lists of Class Members provided by Defendant. Although this fact is not definitive, it creates serious concerns regarding whether Price is a member of the Class. *Second*, in her response to Plaintiff's Motion, Price provided a declaration *from her counsel* that included a screen shot of a text message and a statement that the "screen shot" was provided by Price to her counsel. (Dkt. 77-1 at ¶2.) Accordingly, the "testimony" contained in Price's counsel's declaration is inadmissible hearsay that cannot establish standing. Moreover, the failure by Price and her counsel, W. Allen McDonald, Esq. ("McDonald") and Lloyd Chatfield, Esq. ("Chatfield"), to even attempt to provide a proper affidavit from Price is

suspicious—particularly given McDonald's and Chatfield's familiarity with the objection process as a result of his lengthy history of identifying and representing objectors.[3]

### 2. Objector Price's Credibility Is Relevant To Assessing Her Motives.

Although this Court may rule to the contrary, when filing his Motion, Plaintiff was relying on caselaw stating that an objector's credibility is relevant to analyzing whether there is an improper motive or bad faith in lodging an objection. *In re Hydroxycut*, 2013 WL 5275618, at *5 ("Although the bad motive does not necessarily mean that the objections themselves are invalid, the motive ***does bear upon the credibility*** of [the objector]."); *In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014) (finding that in judging an objector's motives, "it is also helpful to evaluate [his] personal stake in this class action"); *Roberts*, 2014 WL 4568632, at *12 ("[T]he Court finds that the objection is lawyer-driven and appears to be brought for an improper motive, and would otherwise delay important safety benefits to the Settlement Class members."); *Scott*, 2001 WL 1763966, at *2 ("[T]he Court is entitled to consider Mr. Schonbrun's past conduct with regard to other proposed class action settlements in order to properly determine Mr. Schonbrun's true motives in filing the present objections.").[4]

Indeed, courts routinely allow discovery of objectors to assess their "personal stake" in the objection and whether the purported deficiencies with a class action settlement are nothing more

---

[3] *E.g.*, *In re: Pre-Filled Propane Tank Mktg. and Sales Prac. Litig. (Ferrellgas Settlement)*, Case No. 09-md-02086 (W.D. Mont.) (W. Allen McDonald representing objector); *In re Enfamil LIPIL Mktg. and Sales Practices Litig.*, Case No. 11-md-02222 (S.D. Fla.) (same); *Pecover v. Elec. Arts*, Case No. 08-cv-02820 (N.D. Cal.) (same); *Kolinek v. Walgreen Co.*, Case No. 13-cv-040806 (N.D. Ill.) (W. Allen McDonald and Lloyd C. Chatfield representing objector).

[4] *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 6-7 (1st Cir. 1999) ("[W]e recognize that a class member and his or her attorney conceivably could object to a proposed settlement solely to set up an appeal designed to obtain a nuisance value recovery and/or advantageous fee arrangement."); *Manual For Complex Litigation* § 21.643 (4th ed.) ("Some objections, however, are made for improper purposes, and benefit only the objectors and their attorneys (*e.g.*, by seeking additional compensation to withdraw even ill-founded objections). An objection even of little merit, can be costly and significantly delay implementation of a class settlement.").

than attempts at extortion. *In re Gen. Elec.*, 998 F. Supp. 2d at 156; *see Lee v. Ocwen Loan Servicing, LLC*, No. 14-CV-60649, 2015 WL 5449813, at *14 (S.D. Fla. Sept. 14, 2015) ("Plaintiffs say these two attorneys have a clear financial interest in convincing this Court to reject or delay the Lee Settlement with an appeal to our Eleventh Circuit in order to leverage fees from Class Counsel. Such tactics are **common in class action practice** and disapproved of by the courts.") (emphasis added); *In re Checking Account Overdraft Litig.*, 830 F.Supp.2d 1330, 1361 n.30 (S.D. Fla. 2011) (collecting authority disapproving of objections brought with ulterior motive by those "whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto"). Hence, when filing the Motion, Plaintiff believed the Objectors' credibility and motives were and are relevant and, therefore, subject to discovery.

**C.    What Does Being Represented By Professional Objectors Have To Do With The Merits Of An Objection?**

At the Hearing, the Court stated, "The second set of arguments made by the plaintiff is that Knott and Objector Price are both represented by professional objectors. And again, so what? . . . The merits of the objection are the merits of the objection[.]" (Trans. 9:14-24.) Although this Court may rule otherwise, numerous judges have held that it is helpful, in determining the merits of the arguments made by a lawyer, to know that the lawyer's objections are being used to extract money from a class settlement in bad faith. Indeed, a history of filing objections by the Objectors or their counsel tends to show their primary purpose in objecting is to extort fees. *Gay v. Tom's of Maine, Inc.*, Case No. 14-cv-60604-KMM, Dkt. No. 43, 44 at ¶¶14 (S.D. Fla. Mar. 11, 2016) (denying the objection of **Patrick Sweeney**, who objects to the settlement here, because it was "facially specious" and "the same recycled boilerplate arguments . . . used in the past in a number of other class action settlements", and directing a magistrate judge to provide a recommendation as to "[w]hether **Sweeney** has violated any applicable ethics rules by filing a pro se objection to the

settlement and at the same time filing [an objection] as [another objector's] attorney, and, if so, whether sanctions are warranted." (emphasis added)) (Exs. E & F hereto)[5]; *Roberts*, 2014 WL 4568632, at *12 (finding that *serial* objections raised by **Patrick Sweeney**, who objects to the settlement here, "raises additional issues as to the legitimacy of the objection"); *In re Enfamil LIPIL Mktg. & Sales Pracs. Litig. MDL 2222*, No. 11-MD-02222, 2012 WL 1189763, at *4 (S.D. Fla. Apr. 9, 2012) (ordering objector to post appeal bond where the court was "troubled that [the objector's] attorney, **W. Allen McDonald**," who represents objector Knott here, "offered to withdraw her appeal in exchange for a payment of $150,000" and agreed "that the representation of three previous objectors by the **Lacy, Price & Wagner firm** weighs in favor of requiring an appeal bond.") (emphasis added); *Brown v. Wal-Mart Stores, Inc.*, 2011 WL 12523823, at *2 (Ill. Cir. Ct. Sept. 14, 2011) (striking objection for failing to act to the benefit of the class after discussing the history of **Christopher Bandas**' using objections and appeals to extort fees); *Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546, 575 (D.N.J. 2010) ("[F]ederal courts are increasingly weary of professional objectors") *rev'd and remanded on other grounds sub nom.*, 681 F.3d 170 (3d Cir. 2012); *Barnes v. Fleetboston Fin. Corp.*, No. CA 01-10395-NG, 2006 WL 6916834, at *1 (D. Mass. Aug. 22, 2006) ("[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost . . . ."). *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 335 (D. Mass. Jan. 15, 2016) (quoting Manual for Complex Litigation (Fourth) § 21.643 (acknowledging that it is the court's role "to distinguish between the meritorious objections and those advanced for improper

---

[5] Indeed, the Sweeney Objectors have once again recycled their boilerplate objections to the proposed class action settlement here. *Compare Gay*, Case No. 14-cv-60604, Objection Of Patrick S. Sweeney Proposed Settlement, Dkt. No. 34 (Dec. 30, 2015) (yellow highlight) (Ex. G hereto) *with Douglas v. The Western Union Co.*, Case No. 14-cv-1741, Objections Of Patrick S. Sweeney And Pamela A. Sweeney To Proposed Settlement And Notice Of Intention To Appear At Fairness Hearing, Dkt. No. 70 (Feb. 25, 2016) (same) (Ex. H hereto).

purposes.") a*ff'd*, 809 F.3d 78 (1st Cir. 2015); *Roberts*, 2014 WL 4568632, at *12 (overruling the objections in their entirety, because "they are not made for the purpose of benefitting the Class").

In addition, if objections are made for an improper purpose, the objectors may be sanctioned and required to post an appeal bond. Fed. R. Civ. P. 11; *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) ("[Objector's] admission that he filed objections to the *Itel Securities Litigation* to exact fee concessions in an action pending before another court is alone sufficient to support a finding of bad faith."); *Lipsig v. Nat'l Student Mktg. Corp.,* 663 F.2d 178, 182 (D.C. Cir. 1980) (per curiam) (sustaining an award of fees "for general obstinacy unconnected with the merits of the case" and holding a finding of bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides,* the assertion of a colorable claim will not bar the assessment of attorney's fees."); *Marty v. Anheuser-Busch Cos., LLC*, No. 13-23656-CIV, 2016 WL 397593, at *2 (S.D. Fla. Feb. 2, 2016) ("[H]aving reviewed Mr. Mueller's objections in this case and in a prior class action the undersigned concludes that the third factor is either neutral or weighs more in favor of imposing a bond."); *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 7313403, at *1 (N.D. Ohio Nov. 19, 2015) ("Sanctions are appropriate because Narkin . . . maintains his Objection for an improper purpose."); *In re Gen. Elec.*, 998 F. Supp. 2d at 155 ("Lead Plaintiff has shown that Hampe's appeal is brought in bad faith.").

Plaintiff seeks the opportunity to create a record showing the Objectors have a history of making objections in bad faith. Plaintiff has discovered that objector Knott's counsel, Christopher Bandas, Esq. ("Bandas"), has repeatedly been found to have improper motives in bringing both objections to, and appeals of, class action settlements:

- *In re Gen. Elec.*, 998 F. Supp. 2d at 156 ("Hampe's relationship with **Bandas**, a known vexatious appellant, further supports a finding that Hampe brings this appeal in bad faith.") (emphasis added).

- *In re Hydroxycut*, 2013 WL 5275618, at *5 ("According to Mr. Reid's testimony, which the Court finds credible, Mr. **Bandas** was attempting to pressure the parties to give him $400,000 as payment to withdraw the objections and go away. Mr. **Bandas** was using the threat of questionable litigation to tie up the settlement unless the payment was made.") (emphasis added).

- *In re Cathode Ray Tube*, 281 F.R.D. at 533 ("**Bandas** routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct.") (emphasis added).

- *Ouelette v. Wal-Mart Stores, Inc.*, File No. 67-01-CA-326, 2013 WL 9850664, at *3 (Fla. Cir. Ct Oct. 15, 2013) (finding **Bandas** to be one of a group of professional objectors that were "working through collusion for their own benefit and not for the benefit of this class or their clients" and engaged in an effort to extort money from the class and/or class counsel).

- *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 3777163, at *2 (N.D. Cal. Aug. 29, 2012) (holding Mr. **Bandas** in contempt for failing to comply with court orders).

- *In re Wal-Mart Wage & Hour Emp't Pracs. Litig.*, No. 2:06CV00225-PMPPAL, 2010 WL 786513, at *2 (D. Nev. Mar. 8, 2010) (ordering **Bandas** to pay a $500,000 appellate bond for appeals brought "without merit").

Objector Patrick Sweeney, who is acting as his own lawyer (and apparently his wife's lawyer)[6] has engaged in questionable conduct with respect to objections:

- *Gay v. Tom's of Maine, Inc.*, Case No. 14-cv-60604-KMM, Dkt. No. 43 at ¶¶14, 44 (S.D. Fla. Mar. 11, 2016) (denying **Patrick Sweeney's** objection

---

[6] Patrick Sweeney, an attorney, filed his and his wife's objections. (Dkt. No. 70.) Patrick Sweeney also filed the response to Plaintiff's Motion on behalf of himself and his wife. (Dkt. No. 78.) Hence, it is clear that Patrick Sweeney is engaging in the practice of law by drafting legal documents in this case for himself, as well as for his wife. A federal judge scrutinized similar conduct by Patrick Sweeney less than a week ago. *Gay v. Tom's of Maine, Inc.*, Case No. 14-cv-60604-KMM, Dkt. No. 44 (S.D. Fla. Mar. 11, 2016) (directing a magistrate judge to provide a recommendation as to "[w]hether **Sweeney** has violated any applicable ethics rules by filing a pro se objection to the settlement and at the same time filing [an objection] as [another objector's] attorney, and, if so, whether sanctions are warranted." (emphasis added)) (Ex. E.)

because it was "facially specious" and raising ethical concerns regarding Sweeney's conduct) (cited above).

- *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, at *7 n.4 (N.D. Cal. July 11, 2014) ("[A]ttorney ***Patrick Sweeney*** also has a long history of representing objectors in class action proceedings.").

- *In re Checking Account Overdraft Litig.*, MDL No. 236, Case No. 09-md-02036-JLK (S.D. Fla. 2009), Dkt. No. 3456, at 5 (identifying "[***Patrick***] ***Sweeney*** as a serial objector who filed objections to a number of the settlements previously approved in MDL No. 2036").

Plaintiff should be allowed to take discovery of the Objectors so that Court can determine whether sanctions or an increased bond are appropriate.

**D.    Why Is Discovery Of An Objector's
        Financial Ability To Post An Appeal Bond Necessary?**

At the Hearing, the Court stated, "[T]he third ground for seeking discovery is to get information regarding the objectors' ability to post bond for an appeal. And [Miss Price's] brief said that that's premature, and I'm wondering what your thoughts are on that." (Trans. 16:12-16.) Although there is a dearth of case law on this issue, Plaintiff contends that now is the time for Class Counsel to take discovery regarding the Objectors' ability to post an appeal bond. Class Counsel and Defendant have worked diligently to negotiate a class-wide settlement that provides a significant monetary benefit to members of the Class. If an objector were to appeal—regardless of the appeal's merit—this Court would likely set an appeal bond. Fed. R. App. P. 7 (district court may require appellant to file bond); *In re Nutella Mktg. & Sales Pracs. Litig.*, 589 F. App'x 53, 61 (3d Cir. 2014) (district court did not abuse discretion in ordering objector to post bond where court had concluded appeal was meritless, in part, because "the Objectors appear to be objectors who repeatedly raise objections in class actions around the country."); *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004) (relying in part on the "delay[ed] disbursement of settlement funds" in concluding that imposition of Rule 7 bond in class action appeal was proper);

*In re Navistar Diesel Engine Prods. Liab. Litig.*, 2013 WL 4052673, at *3 (N.D. Ill. Aug. 12, 2013) (granting, in part, motion requiring objectors to post bond).[7]

Presumably, Plaintiff will only be allowed to depose the objectors once. The appropriate time for such depositions is typically before, rather than after, the Court addresses the merits of the objectors' arguments. Thus, a well-prepared Class Counsel would, naturally, foresee the possibility of an appeal, and during that one-and-only deposition of each Objector, obtain discovery as to the objector's ability to post bond. Hence, conducting discovery as to the ability to post a bond is another, albeit secondary, reason for granting discovery now. Moreover, the importance of a proper appeal bond in class action cases is substantial because, in the event of an appeal (even a meritless one), the parties' settlement will be delayed indefinitely.

The Court does not need to decide now whether to set a bond. But, if a settlement is approved and an appeal is filed, Class Counsel will file the resulting bond motion. When that time comes, if he had not pursued discovery necessary to support the bond motion, he would likely be deemed derelict in his duties as Class Counsel for failing to seek it.

## II.     The Objectors' Arguments Fail.

In their two response briefs, Objector Price and the two Sweeney Objectors (collectively, the "Objectors") make four arguments. (Dkt Nos. 77 & 78.)  All are meritless.

### A.     Objectors Rely On The Wrong Standard For Granting Discovery.

In their respective response briefs, the Objectors both cite the incorrect standard for taking discovery from objectors. The Objectors argue that discovery can only be granted upon a "strong

---

[7] *In re AT & T Mobility Wireless*, Case No. 1:10-cv-02278, Dkt. No. 251 (N.D. Ill. July 28, 2011) (granting motion to require objectors to post appeal bond) (attached as Ex. D to Plaintiff's Motion); *In re Initial Pub. Offering Sec. Litig.,* 728 F. Supp. 2d 289, 294 (S.D.N.Y.2010) (ordering serial objector to post bond); *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 278-79 (D. Mass. 2007) (imposing appeal bond of costs attributable to delay in class distribution and noting that "[r]equiring objectors to post a bond will ensure that a class litigating a frivolous appeal will not be injured or held up by spoilers.").

showing." (Dkt. Nos. 77 at 8; 78 at pp. 11 & 13.) However, the Objectors erroneously rely on cases addressing whether discovery from absent class members—not objectors—should be allowed.[8]

Only one of the cases cited by Price applied the "strong showing" standard in denying the parties' request to take discovery from an objector: *Corpac v. Rubin & Rothman, LLC*, No. 10-CV-4165 ADS ETB, 2012 WL 2923514, at *3 (E.D.N.Y. July 18, 2012). That opinion, however, is based on the flawed premise that objectors are absent class members. *Id.* (citing *In re Publ'n Paper*, 2005 WL 1629633, at *2). Objectors are not "absent" class members. The truth is that, by voluntarily inserting themselves in litigation, objectors subject themselves to discovery as a matter of course. This is why courts routinely grant discovery from objectors. *In re Netflix*, 2013 WL 6173772, at *2 ("[A]n objector who voluntarily appears in litigation is properly subject to discovery."); *In re Hydroxycut*, Case No. 3:09-md-2081, Dkt. No. 1655 (finding discovery appropriate where "[t]he Objectors are not just absent class members, but, rather, have inserted themselves in the litigation by filing objections."); *In re Cathode Ray Tube*, 281 F.R.D. at 533 ("Hull voluntarily appeared in this litigation by objecting to the Chungwa Settlement and was served with a subpoena, and is properly subject to discovery."); *Nigh v. Humphreys Pharmacal Inc.*, Case No. 12-cv-2714-MMA (DHB), Dkt. 25 (S.D. Cal. Sept. 17, 2013) (granting Plaintiff's

---

[8] (Dkt. Nos. 77 at 8; 78 at pp. 11 & 13 (citing *Blackie v. Barrack*, 524 F.2d 891, 906 n.22 (9th Cir. 1975) (addressing defendant's attempt to decertify a class by issuing discovery to *absent* class members); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) (denying defendant's request to take deposition of "*absent* class members") (emphasis added); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 292 F.R.D. 544, 556 (E.D. Tenn. 2013) (ruling on enforcement subpoenas issued to *absent* class members); *In re Publ'n Paper Antitrust Litig.*, No. 3:04 MD 1631 (SRU), 2005 WL 1629633, at *2 (D. Conn. July 5, 2005) (quashing subpoenas to *absent* class members); *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 211 (M.D. Fla. 1993) (denying defendant's attempt to "seek discovery from . . . passive class members"); *Gardner v. Awards Mktg. Corp.*, 55 F.R.D. 460 (D. Utah 1972) (denying request to issue discovery to all *absent* class members); *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D. Ky. 1971) (denying defendant's motion seeking responses to interrogatories from *absent* class members); *see also Daniels v. Lifelock, Inc. Mktg. and Sales Pracs. Litig.*, Case No. 3:10-cv-1554-IEG (POR), Dkt. No. 8 (S.D. Cal. July 19, 2010) (not addressing any standard for seeking objector discovery).)

request to take discovery from objector and citing *In re Cathode Ray Tube*, 281 F.R.D. at 533) (Ex. I hereto). Hence, there is no "strong showing" requirement to obtain discovery from objectors.

## B.     Rule 37 Does Not Apply To Requests For Leave To Take Discovery.

Objector Price argues that Plaintiff failed to meet-and-confer with her counsel prior to filing his Motion ***seeking leave to take discovery***. (Dkt. No. 77 at 5.) However, the meet-and-confer requirements of Rule 37 apply to a motion seeking an "order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Plaintiff is not seeking to compel discovery. He is seeking leave to take discovery. Hence, Rule 37 does not apply here. *Marine Travelift, Inc. v. Marine Lift Sys., Inc.*, No. 10-C-1046, 2013 WL 4046331, at *4 (E.D. Wis. Aug. 8, 2013) (holding "Rule 37's meet and confer requirement does not apply to a request for leave . . . .").

## C.     The Sweeney Objectors Request For Sanctions Is Nonsensical.

The Sweeney Objectors argue that Class Counsel should be sanctioned because: (a) they "[were] not granted permission by the court to inquire about this information"; and (b) Plaintiff's Motion seeking leave to take discovery was "procedurally improper." (Dkt. No. 78 at p.15 of 17.) Nonsense. Plaintiff's Motion ***seeks leave to take discovery from the Objectors***. (Dkt. No. 72.) Plaintiff did not serve the Objectors with any discovery requests. Rather, Plaintiff asked this Court for permission to do so. And Courts—including ones from within this District—have routinely found motions seeking leave for discovery from objectors are proper.[9] Given that Plaintiff's request for leave was proper, the Sweeney Objectors' request for sanctions is baseless.

---

[9] *Stephan Zouras LLP v. Am. Registry LLC*, No. 1:14-cv-00943, Dkt. No. 56 (N.D. Ill. Feb. 26, 2015) (granting motion for leave to depose objector) (Plaintiff's Motion, Ex. A); *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-02781, 2015 WL 7596926, at *6 (D. Minn. Apr. 6, 2015) (granting parties leave to serve written discovery requests and deposition notices on objectors); *In re Reebok Easytone Litig.*, No. 3:12-MC-00001-L (BF), Dkt. No. 6 (N.D. Tex. Jan. 18, 2012) (denying objector's motion to quash deposition); *Stern v. AT & T Mobility Corp.*, 2011 WL 607135, at *1 (N.D. Ohio Feb. 11, 2011) (observing that "the California judge presiding over the class action suit . . . allowed objectors to be deposed"); *Dennison v. BP Prods. North Am., Inc.*, No. 06-cv-3541 (N.D. Ill. 2010) (Plaintiff's Motion, Ex. B).

### D. The Sweeney's Objection Is Untimely.

The Sweeney Objectors argue that their objection was timely because they mailed it on February 22, 2016. (Dkt. No. 77 at p. 1-2 of 17.) The Sweeney Objectors are responding to a footnote in Plaintiff's Motion noting that the Sweeney's objection is untimely. (Dkt. No. 72, n.1.) The Court's Preliminary Approval Order clearly states that "Any objections must be appropriately filed with the Court no later than [February 22, 2016.]" (Dkt. No. 58 at ¶17.) The Sweeneys' objection, however, was filed with the Court on February 25, 2016. (Dkt. No. 70.) Because the Sweeney's objection is untimely, it should be denied. *Perkins v. Linkedin Corp.*, No. 13-CV-04303-LHK, 2016 WL 613255, at *3 (N.D. Cal. Feb. 16, 2016) (finding court may refuse to consider objections that are not timely filed); *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 4610764, at *12 (N.D. Cal. Aug. 28, 2013) (overruling objection "because it was not timely filed with the Court"); *In re Checking Account,* 830 F. Supp. 2d at 1336 n.3 (same). If the Court overrules all of the Sweeneys' objections because they were not timely made, Plaintiff voluntarily withdraws his request to take discovery from Patrick Sweeney, Esq. and his wife, Pamela.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his Motion be granted.

Dated: March 15, 2016

Respectfully submitted,

By: */s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

***Counsel for Plaintiff
and the Settlement Class***

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing

**Plaintiff's Reply In Support Of Motion For Leave For Discovery From Objectors** was filed

this 15th day of March 2016 via the electronic filing system of the Northern District of Illinois,

which will automatically serve all counsel of record, and was sent this 15th day of March 2016 to

the following via FedEx, next business day delivery:

John Knott
c/o C. Jeffrey Thut, Esq.
Noonan, Perillo & Thut
25 N. County Street
Waukegan, Illinois 60085

Bethany Carol Price
c/o W. Allen McDonald, Esq.
249 N. Peters Road, Suite 101
Knoxville, Tennessee 37923

Pamela A. Sweeney, Pro Se
2590 Richardson Street
Madison, Wisconsin 53711

Patrick A. Sweeney, Pro Se
2590 Richardson Street
Madison, Wisconsin 53711

*/s/ Joseph J. Siprut*
