**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-1741 |
| v. | ) ) | |
| THE WESTERN UNION COMPANY, a Delaware corporation, | ) ) ) | Hon. Gary Feinerman |
| Defendant. | ) ) | Magistrate Judge Jeffrey Cole |

**(1) RESPONSE OF BETHANY CAROL PRICE TO JOINT MOTION FOR EXTENSION OF TIME AND (2) NOTICE OF UNAVAILABILITY OF COUNSEL**

Bethany Carol Price ("Ms. Price"), by and through her undersigned counsel, respectfully (1) submits her response to the Joint Motion for an Extension of Time [Doc. 88] and (2) gives notice of the unavailability of her counsel for the presentment date of said motion (March 30, 2016). Ms. Price would further show:

**I. INTRODUCTION**

The Plaintiff and Defendant (the "Parties") have jointly moved the Court to extend two filing deadlines before the April 11, 2016 fairness hearing. While Ms. Price does not object to these requested extensions, and would have made that position clear to the Parties if they had simply asked, she is concerned that granting the extensions may effectively and significantly impede her ability to timely and adequately respond to the filings and prepare for the fairness hearing.

**II. WHILE MS. PRICE DOES NOT OPPOSE THE REQUESTED EXTENSIONS, SHE IS NEVERTHELESS CONCERNED ABOUT THEIR EFFECT ON THE REMAINING SCHEDULE.**

On February 22, 2016, Ms. Price submitted an Objection to the proposed Settlement. [Doc. 69]. The Parties have been contesting her status as a settlement class member ever since. While Ms. Price came forward with and produced proof of her membership in the settlement class [Doc. 69, 77, and 84], the Parties have had a total of thirty-two (32) days thus far to find and submit evidence that Ms. Price is not a settlement class member. To date, nothing which might contradict or otherwise negate Ms. Price's status as a settlement class member has been filed with the Court or produced to Ms. Price's counsel.

Plaintiff's sought discovery from Ms. Price to, among other things, establish that she is not a settlement class member. [Doc. 72]. On March 17, 2016, the Court denied Plaintiff's motion seeking discovery from Ms. Price. [Doc. 87]. The Court ordered the Parties to file a supplemental memorandum addressing the issue of whether Ms. Price is a member of the settlement class and "the scope of the class." [Doc. 87]. The Court set the deadline for that submission as March 25, 2016 and also extended the deadline for the Parties to submit their final approval papers and responses to objections to April 1, 2016. [Doc. 87]. The Court set a status conference regarding the Parties' March 25, 2016 submissions. The fairness hearing is currently set for April 11, 2016.

The Parties have now jointly moved the Court to extend the deadlines for submitting their supplemental memorandum (seeking until April 1, 2016) and final approval papers and responses to objections (seeking until April 4, 2016). [Doc. 88].

First, to the extent that the extension of these deadlines would not impede the ability of Ms. Price and her counsel to timely and adequately respond to the Parties' submissions and to adequately prepare for the final approval hearing, Ms. Price does not oppose the Parties' joint motion. Indeed, Ms. Price's counsel, if he had been contacted before the joint motion was filled, would have stated as much and also addressed his own concerns about the scheduling. However, as before, Ms. Price's counsel was neither contacted nor otherwise conferred with, and was again precluded from having any input in the relief sought.[1]

Second, notably, the Parties indicate that their joint motion will be presented on Wednesday, March 30, 2016. However, while Ms. Price's counsel is available to participate in the previously-set March 29, 2016 status conference, he has a conflict with and is unavailable for the Wednesday, March 30, 2016 presentment date, as he will be appearing in the United States District Court for the Middle District of Florida, at Jacksonville, for a hearing in *In re Disposable Contact Lens Antitrust Litigation*, Np. 3:15-md-02626-HES-JRK (M.D. Fla.).

---

[1]Ms. Price's counsel is now unaware if the Parties' joint motion will result in the rescheduling of the March 29, 2016 status conference. To be sure, the Parties' joint motion does not ask that the status hearing be rescheduled.

Third, although Plaintiff's counsel represented at the March 17 2016 hearing that Defendant's counsel possessed a photo of a "form" which Ms. Price allegedly signed giving her consent to receive text messages from the Defendant, and offered to show it to the Court,[2] no such "form" has been filed or produced by the Parties. This remains true, notwithstanding Ms. Price's counsel's repeated requests – via telephone and in-writing – for a copy of the "form."[3]

Fourth, all of the foregoing buttresses one of Ms. Price's supplemental objections to the proposed settlement: *the class definition is not sufficiently definite to merit final approval.* [Doc. 84]. Thus far, it has taken Class Counsel, Defendant's counsel, Defendant's employees, and the Claims Administrator a total of 32 days to determine whether a single person is a settlement class member . . . and they need still more time to try to decide.

Fifth, while Ms. Price's counsel does not oppose the requested delays, and out of professional courtesy, would not have opposed any reasonable request for additional time, he is nevertheless impelled to address the potential impact of the extensions on the remaining final approval schedule, particularly, the effect of such delays on Ms. Price's ability to respond and prepare for the fairness hearing.

---

[2]It is unclear whether the Defendant actually has a copy of such a form purporting to bear Ms. Price's signature.

[3]In an email on March 25, 2016, Defendant's counsel stated that she would "discuss with our client whether it would be willing to informally provide this information to you."

Most significantly, the delays in filing the Court-ordered supplemental memorandum and the papers supporting final approval and response to objections necessarily reduce the already limited time available to Ms. Price (and the other objectors) to review those documents, to effectively respond to them, and to adequately prepare for the fairness hearing.

The Parties have had 32 days (thus far) to respond to Ms. Price's objection and to address her settlement class membership status. By the time the Parties submit their supplemental memorandum (which they propose to file on April 1, 2016) and their final approval papers (which they propose to file on April 4, 2016), Ms. Price will have less than a week to respond and prepare for the April 11, 2016 fairness hearing.

What's more, as the Parties have repeatedly rebuffed the efforts of Ms. Price's counsel to obtain copies of documents the Parties purport to rely upon in their attempts to dissuade the Court from concluding that Ms. Price is a member of the settlement class, it is unknown exactly what type and what volume of documents will be dumped on Ms. Price by the Parties on those proposed dates.

Finally, depending upon what is eventually produced by the Parties, Ms. Price may find herself in the unenviable and impracticable position of being compelled to request (1) discovery of the Defendant, its employees, or the Claims

Administrator, and/or (2) a continuance of the fairness hearing. If either such action is required, Ms. Price is concerned that there will be insufficient time for her to file the appropriate motion and present it for hearing.

### III.   CONCLUSION

For the reasons set forth above, Ms. Price does not object to the requested extensions, but would respectfully ask the Court to note her serious concerns about the schedule, and if necessary, to consider any adjustments to the schedule that may be necessary to afford Ms. Price a meaningful opportunity to respond and prepare, as described above.

Respectfully submitted, this 25th day of March, 2016.

/s/ W. Allen McDonald
W. Allen McDonald, Esq.
**Lacy, Price & Wagner, PC**
249 N. Peters Road
Suite 101
Knoxville, TN 379234917
Tel: 865-246-0800

Lloyd C. Chatfield, II
**Law Offices Of Lloyd C. Chatfield II**
39W127 Bartelt Road
Geneva, IL 60134
Tel: 888-695-4535

*Counsel for Bethany Carol Price*

**CERTIFICATE OF SERVICE**

I do hereby certify, that on March 25, 2016, a copy of the foregoing was submitted electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. A copy of the foregoing was served on the following recipients, via U.S. First Class Mail, postage prepaid:

Pamela A. Sweeney, Pro Se
Patrick A. Sweeney, Pro Se
2590 Richardson Street
Madison, WI 53711

This 25th day of March, 2016.

/s/ W. Allen McDonald
W. Allen McDonald