IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, | )<br>)<br>) Case No. 14-cv-1741 |
| Plaintiff, | )<br>) Hon. Gary Feinerman |
| v. | )<br>) Hon. Jeffrey Cole |
| THE WESTERN UNION COMPANY, a Delaware corporation, | )<br>)<br>)<br>) |
| Defendant. | ) |

**PLAINTIFF'S SUPPLEMENTAL
FILING REGARDING OBJECTOR BETHANY PRICE**

Pursuant to this Court's March 17, 2016, Minute Entry (Dkt. No. 87), Plaintiff Jason Douglas ("Plaintiff"), by and through his undersigned counsel, Siprut PC ("Class Counsel"), hereby submits Plaintiff's Supplement Filing Regarding Objector Bethany Price.

**I.     Relevant Procedural History.**

1.    On November 10, 2015, this Court granted preliminary approval of the class action settlement (the "Settlement") in the above-captioned case. (Dkt. No. 58.)

2.    On February 22, 2016, Bethany Price ("Objector Price"), represented by W. Allen McDonald, Esq., filed an objection to the Settlement. (Dkt. No. 69.) Objector Price also filed a supplemental objection on March 16, 2016. (Dkt. No. 84.)

3.    On March 3, 2016, Plaintiff filed his Motion For Leave For Discovery From Objectors (the "Discovery Motion"). (Dkt. No. 72.) In the Discovery Motion, Class Counsel stated that Objector Price appears to lack standing. (*Id.* at ¶5.)

4.    On March 9, 2016, Objector Price submitted her response in opposition to Plaintiff's Discovery Motion and attached a picture of two text messages that she claims to have

received from Defendant The Western Union Company ("Western Union") on March 23, 2015. (Dkt. No. 77.)

5. On March 16, 2016, Plaintiff filed his reply in support of his Discovery Motion. (Dkt. No. 80.)

6. At a March 17, 2016, hearing, this Court denied Plaintiff's Discovery Motion without prejudice for failing to comply with Local Rule 37.2. (Dkt. No. 87.)

7. At that same hearing, the Court directed Class Counsel to provide a supplemental filing addressing why Objector Price does not fall within the Settlement Class definition. (Transcript of March 17, 2016, hearing, attached hereto as Exhibit A, at 8:13-16.)

**II. The Likely Composition Of The Settlement Class.**

8. This Court's November 10, 2015, Preliminary Approval Order defines the "Settlement Class" as: "All Persons in the United States who received one or more unsolicited text messages sent by or on behalf of Western Union between March 12, 2010 and [November 10, 2015]." (Dkt. No. 58 at ¶3.)

9. The Preliminary Approval Order uses the words "unsolicited text messages." Counsel for Plaintiff and Western Union have interpreted this term as referring to:

>  (a) **Group 1**: Persons who: (i) signed-up for an online account with Western Union; (ii) received a text message; and (iii) did *not* enroll in Western Union's loyalty program (because the terms and conditions of that program authorize Western Union to send text messages to enrollees); and
> 
>  (b) **Group 2**: Persons who: (i) conducted an online transaction with Western Union; (ii) received a text message stating that their

recipient has not picked up their money transfer; and (iii) did *not* authorize Western Union to send text messages.[1]

Accordingly, Western Union searched its records and created a good-faith list of people who would likely be Settlement Class Members[2] and to whom to send notice of the Settlement. Once completed, that list consisted of 868,805 entries.

10. The Settlement Administrator, hired by Plaintiff and Western Union (collectively, the "Parties"), performed a deduplication of that list. At that point, 741,800 entries remained.

11. The Settlement Administrator sent direct notice to all of the people on that list for whom the Settlement Administrator found a mailing address or an e-mail address (the "Notice List"). The notice included a unique identifying number that was to be submitted as part of the Claim Form. The claims-process allows individuals, who do not appear on the Notice List, to submit claims to the Settlement Administrator by providing certain information, such as their names, addresses, e-mail addresses, and phone numbers.[3]

12. If a person does not appear on the Notice List – as is the case for Objector Price – that may call into question the individual's standing to be a Settlement Class Member. The use of a notice list is part of a good-faith attempt to provide notice to potential class members but such a list need not identify every single Settlement Class Member. *See Mullins v. Direct Digital*, 795

---

[1] Plaintiff does not concede that such authorization, even if obtained by Western Union, meets the legal requirements of "prior express consent" or "prior express written consent" within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the corresponding regulations at 47 C.F.R. §64.1200.

[2] "Settlement Class Member" is defined in the Settlement Agreement as "'[a]ll Persons in the United States who received one or more unsolicited text messages sent by or on behalf of Western Union between March 12, 2010 and [November 10, 2015]' who do not exclude themselves." (Dkt. No. 52-1 at 8.)

[3] The notice- and claims-process will be further detailed in the declaration of the Settlement Administrator that will be filed with Plaintiff's motion for final approval of the settlement on April 4, 2016.

F.3d 654, 655 (7th Cir. 2015) ("Rule 23(c)(2)(B) requires the 'best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.' The rule does not insist on actual notice to all class members in all cases. It recognizes it might be impossible to identify some class members for purposes of actual notice. While actual individual notice may be the ideal, due process does not always require it.").

13. To date, the Settlement Administrator has received 54,316 claims. The Settlement Administrator has reported to Class Counsel that of the 54,316 claims, 21,420: (a) were submitted without a unique identifying number; and (b) do not match two criteria, *e.g.*, first name, last name, email address, address, zip code, phone number. The Settlement Administrator is working through a process in cooperation with the Parties to attempt to match those claims to names on the Notice List. The Settlement Administrator will continue to work with counsel for the Parties to finalize the list of persons who will receive cash awards by, among other things: (a) checking for fraud; (b) comparing the claims to the Notice List; and (c) sending letters to persons who submitted incomplete Claim Forms to request additional information. For example, if individuals who were not on the Notice List provide other proof of being in the Settlement Class, the Parties would certainly honor their claims. Still, the Settlement Administrator and counsel for the Parties may elect to accept all of the claims.

14. If all 54,316 claims are approved and paid, Class Counsel *estimates* that each claimant is *likely* to be paid a figure in the range of $94.00.

### III. Objector Price Is Not A Member Of The Settlement Class.

15. As further detailed in Western Union's supplemental filing and supporting declarations, Objector Price does not objectively meet the criteria to be a Settlement Class Member.

16. As to **Group 1**, Objector Price is not a Settlement Class Member because she signed up for Western Union's loyalty program and, as a result thereof, assented to receiving texts from Western Union.

17. As to **Group 2**, Objector Price is not a Settlement Class Member because she: (i) did *not* conduct an *online* transaction; (ii) did *not* receive a text message regarding an unredeemed money transfer; and (iii) in the course of conducting a transaction at a Western Union store (independent of her joining the loyalty program), specifically *authorized* Western Union to send her text messages.

18. Accordingly, Objector Price is not entitled to receive a cash award under the Settlement. Of course, consistent therewith, she is not releasing any claims under the Settlement.

**IV.  Conclusion.**

19. Although the claim administration process is not yet complete, Class Counsel believes the Settlement Class is sufficiently definite under Seventh Circuit law. Also, Class Counsel believes Objector Price lacks standing to object to the Settlement because she is not a member of the Settlement Class. Nevertheless, Class Counsel will address Price's arguments regarding the Settlement in Plaintiff's forthcoming motion for final approval of the Settlement.

20. If the Court so desires, Class Counsel will provide any other information the Court requests and make the Settlement Administrator available to the Court to answer any questions. Class Counsel wishes to provide the Court with all information necessary for the Court to have a complete understanding of the claims-process and the roles of counsel for the Parties therein.

Dated: April 1, 2016               Respectfully submitted,

By: */s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Richard L. Miller II
*rmiller@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

*Counsel for Plaintiff
and the Settlement Class*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiff's Supplemental Filing Regarding Objector Bethany Price** was filed this 1st day of April 2016 via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record, and was sent this 1st day of April 2016 via electronic mail:

>John Knott
>c/o C. Jeffrey Thut, Esq.
>*jthut@npt-law.com*
>Noonan, Perillo & Thut
>25 N. County Street
>Waukegan, IL 60085
>
>Pamela A. Sweeney, Pro Se
>*pam.sweeney1@gmail.com*
>2590 Richardson Street
>Madison, WI 53711
>
>Patrick A. Sweeney, Pro Se
>*patrick@sweeneylegalgroup.com*
>2590 Richardson Street
>Madison, WI 53711

                                                  */s/ Joseph J. Siprut*

4817-8504-5295, v. 6