# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between Plaintiff Jason Douglas and Defendant The Western Union Company in order to effect a full and final settlement and dismissal with prejudice of all claims against Western Union as alleged in the case captioned Douglas v. The Western Union Company, Case No. 1:14-cv-01741 (N.D. Ill. filed March 12, 2014), on the terms set forth below and to the full extent reflected herein, subject to approval of the Court.  Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.    RECITALS

A.    On or about March 12, 2014, Plaintiff filed his Complaint alleging that Western Union had sent Plaintiff a text message to his wireless telephone number without his prior consent and purportedly in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Plaintiff seeks actual and statutory damages under the TCPA on behalf of himself and a proposed class of "[a]ll individuals in the United States who received one or more unsolicited text messages from or on behalf of" Western Union.

B.    Western Union denies all material allegations in the Litigation and has asserted a variety of affirmative defenses.  Western Union specifically denies that it has engaged in any wrongdoing whatsoever, that it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further denies that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

C.    After initial discussions and various exchanges of information regarding the merits of the case, the Parties agreed to mediation, and on October 9, 2014, engaged in a full-day mediation with the assistance of the Hon. Wayne R. Andersen (Ret.).  While the Parties did not reach a resolution that day, they made progress towards settlement and agreed to continue

negotiations. After the Parties had multiple additional settlement discussions with the continuing assistance of Judge Andersen, they agreed to engage in another full-day mediation session with Judge Andersen on February 27, 2015. Following that mediation session, after several more weeks of continued exchanges and discussions, the Parties reached an agreement in principle, subject to finalization of a mutually-agreeable settlement agreement that would resolve the claims in Plaintiff's Complaint on a class-wide basis.

       D.     Plaintiff and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by Western Union during mediation, and have concluded that this Settlement provides substantial benefits to Plaintiff and the Settlement Class and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation.

       E.     Plaintiff and Class Counsel have concluded that this Settlement provides substantial benefits to Plaintiff and to the Settlement Class and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation and that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

       F.     Western Union denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further denies that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial. Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiff's claims or similar claims for class treatment, Western Union consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as the disruption of its business operations.

G.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by Western Union of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

H.      This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by Western Union.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.     <u>DEFINITIONS</u>

As used herein, the following terms have the meanings set forth below.

A.      "Attorneys' Fee Award" means the Court-approved award to Class Counsel as defined in Section VI, Paragraph A and payable from the Net Settlement Fund.

B.      "Available Cash Award Total" means the amount of money in the Net Settlement Fund available to pay such Cash Awards.

C.      "Cash Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Section IV and payable from the Net Settlement Fund.

D.      "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

E.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described

herein, which document shall be submitted to the Court when the Parties seek preliminary approval of the Settlement. Claim Forms will be processed after the Effective Date.

F.     "Class Counsel" means Joseph Siprut of Siprut PC.

G.     "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

H.     "Court" means the United States District Court for the Northern District of Illinois.

I.     "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included. Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Illinois legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Illinois legal holiday.

J.     "Defense Counsel" means Latham & Watkins LLP.

K.     "Effective Date" means the date defined in Section XII.

L.     "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

M.     "Final" means final as defined in Section XII, Paragraph B.

N.     "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section X.

O.     "Incentive Award" means the Court-approved award, if any, to the individual class representative as defined in Section VI, Paragraph B and payable from the Net Settlement Fund.

P.     "Litigation" means the action captioned <u>Douglas v. The Western Union Company</u>, Case No. 1:14-cv-01741 (N.D. Ill. filed March 12, 2014).

Q.     "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Attorneys' Fee Award, Incentive Awards, and Notice and Administration Costs, as described in more detail in Section IV.

R.     "Notice And Administration Costs" means any and all costs and expenses of notice and administration relating to this Settlement.

S.     "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice.

T.     "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section VII, Paragraph A.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

U.     "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

V.     "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

W.      "Parties" means Plaintiff and Settlement Class Members together with Western Union.  Plaintiff and Settlement Class Members shall be collectively referred to as one "Party," with Western Union as the other "Party."

X.      "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

Y.      "Plaintiff" means Jason Douglas.

Z.      "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

AA.     "Preliminary Approval Order" means the order defined in Section IX and entered by the Court preliminary approving the Settlement.

BB.     "Release" means the release and discharge, as of the Effective Date, by Plaintiff and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors), who have not excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiff and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by

Plaintiff or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

CC.     "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, false advertising, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiff and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to allegedly unauthorized text or other messages or phone calls by the Released Persons to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiff in the Litigation as well as claims and allegations that the Released Persons violated the TCPA or any similar claims under the consumer protection and/or deceptive trade practices acts and common law of any state or the District of Columbia.

DD.     "Released Persons" means Western Union, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint

venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys.

EE.     "Releasing Persons" means Plaintiff and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiff and Settlement Class Members.

FF.     "Settlement" means the settlement set forth in this Settlement Agreement.

GG.     "Settlement Administrator" means the independent professional service company to be selected by Class Counsel, subject to approval of the Court, which will administer Class Notice, maintain the Settlement Website, administer the Settlement in accordance with this Settlement Agreement and engage in any other tasks directed by the Court, Class Counsel or Defense Counsel.

HH.     "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

II.      "Settlement Class" means all Persons who fall within the definition of the class identified in Section III, Paragraph A.

JJ.      "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section VII, Paragraph B.

KK.     "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

LL.    "Settlement Fund" means $8,500,000 in cash as described in Section IV, Paragraph A.

MM.    "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.

NN.    "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section V.

OO.    "Western Union" means Defendant The Western Union Company.

PP.    The plural of any defined term includes the singular, and vice versa, as made necessary in context.

### III.    PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.    Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Settlement Class:

> All Persons in the United States who received one or more unsolicited text messages sent by or on behalf of Western Union between March 12, 2010 and the date of Preliminary Approval.

> Specifically excluded from the Settlement Class are the following Persons:

> (i)     Western Union and its respective affiliates, employees, officers, directors, agents, and representatives and their immediate family members;

> (ii)    Class Counsel; and

> (iii)   The judges who have presided over the Litigation and their immediate family members.

B.    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entering an order preliminarily certifying the Settlement Class, appointing Plaintiff as representative of the Settlement Class and appointing the following as counsel for the Settlement Class:

> Joseph J. Siprut
> SIPRUT PC
> 17 North State Street, Suite 1600
> Chicago, Illinois 60602
> Telephone: (312) 236-0000
> Facsimile: (312) 948-9196

C.      Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that Plaintiff and Class Counsel are adequate representatives of the Settlement Class.

D.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect by the Court, or such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any documents, communications or negotiations related in any way thereto shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.      BENEFITS TO THE CLASS

A.      Pursuant to the terms and conditions set forth below, Western Union agrees to pay a Settlement Fund of $8,500,000, which will be used to pay all Settlement costs, including without limitation Cash Awards, Notice And Administrative Costs, Attorneys' Fee Award, and Incentive Awards and will be in full satisfaction of all of Western Union's obligations under this Settlement and Settlement Agreement. In no event shall Western Union be obligated to contribute any monies in excess of the amount comprising the Settlement Fund.

B.      Subject to the terms of this Agreement, Settlement Class Members who received one or more unsolicited messages sent by or on behalf of Western Union and who submit a Valid Claim will be eligible to receive up to $250.

C.      No later than seven Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and Defense Counsel with a report identifying the total of the Cash Awards and the amount of money in the Net Settlement Fund available to pay such Cash Awards ("Available Cash Award Total").

(i)      If the Available Cash Award Total exceeds the Cash Awards, any additional amounts will be divided among the Settlement Class Members who submitted Valid Claims pro rata until the Cash Awards equal the Available Cash Award Total.

(ii)      If, however, the Cash Awards exceed the Available Cash Award Total, the Cash Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Cash Awards equal the Available Cash Award Total.

D.      Western Union shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, Western Union shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

E.      Within 21 Days after the Effective Date, Western Union (and/or any insurer discharging Western Union's obligations hereunder) and its insurer will wire transfer the balance of the Settlement Fund, less any amounts previously advanced by Western Union to the Settlement Administrator for Notice And Administrative Costs, into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.  Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

11

F. Within 30 Days after the Effective Date, or another such time as the Parties agree upon, the Settlement Administrator shall cause the Cash Awards in the form of checks to be distributed to members of the Settlement Class, and shall remit payment to Class Counsel the Attorneys' Fee Award as approved by the Court

## V. CLAIMS PROCESS

A. The Class Notice shall provide information regarding the filing of Claim Forms. Claim Forms shall be available from the Settlement Administrator and on the Settlement Website. To file a Valid Claim, Settlement Class Members must:

(i) Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii) Sign the Claim Form and state under penalty of perjury that they received one or more unsolicited messages sent by or on behalf of Western Union, when they received such a message;

(iii) Return the completed and signed Claim Form and related documents, if any, to the Settlement Administrator on or before the Claim Deadline. Only Settlement Class Members who submit Valid Claims shall be entitled to a Cash Award.

B. The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i) Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked or submitted electronically later than the Claim Deadline shall be rejected.

(ii) Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to Defense Counsel and Class Counsel. If Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of Defense Counsel, and the

Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim. Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim. The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion.

C.     At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and Defense Counsel of that fact and the basis for its suspicion. Class Counsel and Defense Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, Western Union may suspend the claims' process, and the Parties will promptly seek assistance from the Court.

## VI.     ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD

A.     Class Counsel will apply to the Court for an aggregate award of attorneys' fees and reimbursement of costs in an amount to be paid from the Settlement Fund. Class Counsel agrees that once Western Union has fully funded the Settlement Fund, Western Union's obligations to Class Counsel shall be fully satisfied and discharged, and Class Counsel shall have no further or other claim against Western Union, including but not limited to a claim for enforcement of any attorneys' lien.

B.     Plaintiff will apply for Incentive Awards in an amount to be paid from the Settlement Fund. Plaintiff agrees that once Western Union has fully funded the Settlement Fund, Western Union's obligations to Plaintiff shall be fully satisfied and discharged, and Plaintiff shall have no further or other claim against Western Union.

C.      Any order or proceedings relating to the applications for the Attorneys' Fee

Award and the Incentive Award, or any appeal from any order relating thereto or reversal or

modification thereof, will not operate to terminate or cancel this Agreement or affect or delay the

finality of Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.      OBJECTIONS AND OPT-OUT RIGHTS

A.      Any Settlement Class Member who intends to object must do so on or before the

Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in

the objection submitted to the Court and served on Class Counsel and Defense Counsel:

(i)      The name, address, telephone number of the Person objecting and, if

represented by counsel, of his/her counsel;

(ii)      A signed declaration stating that he or she is a member of the Settlement

Class and received one or more unsolicited messages sent by or on behalf of Western Union;

(iii)      A statement of all objections to the Settlement; and

(iv)      A statement of whether he or she intends to appear at the Fairness

Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who

will attend.  Any Settlement Class Member who fails to file and serve timely a written objection

and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as

detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at

the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the

terms of the Settlement Agreement by appeal or other means.

B.      A member of the Settlement Class who wishes to opt out of the Settlement Class

must complete and send to the Settlement Administrator a request for exclusion that is post-

marked or submitted electronically no later than the Opt-Out and Objection Date.  The request

for exclusion must be personally signed by the member of the Settlement Class requesting

14

exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class and purchased one or more of the Covered Products. A member of the Settlement Class may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.      Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.      Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.      The Settlement Administrator shall provide Class Counsel and Defense Counsel with the Opt-Out List within seven Days after the Opt-Out and Objection Date.

## VIII.    CONFIRMATORY DISCOVERY

After execution of this Settlement Agreement, the Parties shall commence confirmatory discovery to confirm and substantiate the size of the Settlement Class and the manner in which text messages were transmitted to members of the Settlement Class.

## IX.    PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

After the confirmatory discovery described in Section VIII has been completed, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily

approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.    Preliminarily approve this Settlement Agreement.

B.    Preliminarily certify the Settlement Class.

C.    Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and the procedure for making inquiries.

C.    Schedule a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

D.    Appoint the Settlement Administrator.

E.    Approve the Class Notice, and directs the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

F.    Find that the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

G.      Require the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

H.      Approve the Claim Form and sets a Claim Deadline.

I.      Require any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked or submitted electronically no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice;

J.      Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

K.      Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and Defense Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

(i)      The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

(ii)      A declaration stating that the objector is a member of the Settlement Class and received one or more unsolicited messages sent by or on behalf of Western Union;

(iii)      A statement of all objections to the Settlement; and

(iv)    A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

L.    Order that any response to an objection shall be filed with the Court no later than seven Days prior to the Fairness Hearing.

M.    Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

N.    Require that any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and to file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

O.    Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing shall so state in their objection papers or as the Court otherwise may direct.

P.    Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, Defense Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

Q. Direct that Class Counsel shall file their applications for the Attorneys' Fee Award and Plaintiff's Incentive Award at least 14 days prior to the Opt-Out and Objection Date.

R. Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven Days after the Opt-Out and Objection Date and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five Days thereafter or on such other date as the Parties may direct.

S. Preliminarily enjoin all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Western Union, any other Released Person and Class Counsel as a result of the violation. This Settlement Agreement is not intended to prevent

19

members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

T.      Contain any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## X.      FINAL ORDER AND JUDGMENT AND RELEASES

A.      If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)      Finds that the Court has personal jurisdiction over Plaintiff and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)      Certifies a Settlement Class solely for purposes of this Settlement;

(iii)      Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)      Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiff and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)     Finds that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)    Approves the Claim Form that was distributed to the Settlement Class;

(vii)   Finds that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(viii)  Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

(ix)    Adjudges that Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against Western Union and the Released Persons;

(x)     Approves payment of the Attorneys' Fee Award and Plaintiff's Incentive Award;

(xi)    Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, Western Union, Plaintiff and the Settlement Class Members as to all matters relating to the administration,

consummation, enforcement and interpretation of the terms of the Settlement, the Settlement

Agreement and Final Order and Judgment and for any other necessary purposes;

(xii)    Provides that upon the Effective Date, Plaintiff and all Settlement Class

Members, whether or not they return a Claim Form within the time and in the manner provided

for, shall be barred from asserting any Released Claims against Western Union and/or any

Released Persons, and any such Settlement Class Members shall have released any and all

Released Claims as against Western Union and all Released Persons;

(xiii)    Determines that the Settlement Agreement and the Settlement provided for

therein and any proceedings taken pursuant thereto are not and should not in any event be offered

or received as evidence of, a presumption, concession or an admission of liability or of any

misrepresentation or omission in any statement or written document approved or made by

Western Union or any Released Persons or of the suitability of these or similar claims to class

treatment in active litigation and trial; provided, however, that reference may be made to this

Settlement Agreement and the Settlement provided for therein in such proceedings solely as may

be necessary to effectuate the Settlement Agreement;

(xiv)    Bars and permanently enjoins all Settlement Class Members from

(1) filing, commencing, prosecuting, intervening in or participating (as class members or

otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in

any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts

and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing

Settlement Class Members who have not excluded themselves from the Settlement Class into a

separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or

other proceeding (including by seeking to amend a pending complaint to include class

allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xv)    States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Western Union and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii)    Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B.    As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)    Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)     Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Incentive Award to Plaintiff and the Attorneys' Fee Award to Class Counsel.

(iii)     The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Releases.  In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XI.     WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.     Within 15 Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

(i)     If the Court fails to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

(ii)     If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Award shall not be deemed to be a material alteration;

(iii)     If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason; or

(iv)     If, at any time prior to final approval, legislation is enacted or a controlling judicial decision is rendered that would materially impair the ability of Plaintiff and his counsel to pursue the individual and/or class claims being pursued in the Complaint.

B.     In the event of a withdrawal pursuant to Paragraph A above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

C.     If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs, are in a number more than 200, then Western Union may elect in its sole discretion to withdraw from the Settlement and

terminate this Settlement Agreement. In that event, all of Western Union's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to Western Union's position on the issue of class certification; and Western Union shall be restored to its litigation position existing immediately before the execution of this Settlement Agreement.

(i)     In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, Western Union must notify Class Counsel in writing of its election to do so within 14 Days after the Opt-Out List has been served on the Parties.

(ii)     In the event that Western Union exercises such right, Class Counsel shall have 14 Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs. If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, Western Union shall withdraw its election to withdraw from the Settlement and terminate the Settlement Agreement. In no event, however, shall Western Union have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

(iii)     For purposes of this Paragraph, Opt-Outs shall not include (1) Persons who are specifically excluded from the Settlement Class definition; (2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

D.      In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to Western Union, Plaintiff and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

## XII.    EFFECTIVE DATE

A.      The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)      This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)      Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)      The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)      The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)     The Final Order and Judgment has become Final as defined in Paragraph B below.

B.      "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.      If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIII.     NOTICES

A.      All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to Class Counsel shall be sent to Class Counsel, c/o:

> Joseph J. Siprut
> SIPRUT PC
> 17 North State Street, Suite 1600
> Chicago, Illinois 60602
> Telephone:  (312) 236-0000
> Facsimile:  (312) 948-9196

All Notices to Defense Counsel provided herein shall be sent to Defense Counsel, c/o:

Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

B.      The notice recipients and addresses designated above may be changed by written notice.

C.      Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## XIV.  <u>MISCELLANEOUS PROVISIONS</u>

A.      **<u>Interpretation</u>**.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.      **<u>Binding Effect</u>**.  The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C. **Headings**. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

D. **No Rescission on Grounds of Mistake**. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

E. **Amendment**. This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

F. **Integration Of Exhibits**. Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

G. **Jurisdiction**. The United States District Court for the Northern District of Illinois has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H. **No Admission**. Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence

of an admission or concession by any person, including Western Union, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order. The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

I.      **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Illinois.

J.      **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

K.      **No Media Statements.**  Plaintiff, Class Counsel and all other counsel of record for Plaintiff agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Class Notice. Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude Plaintiff or Class Counsel from making a public statement in support of the Settlement. For example, Plaintiff or Class Counsel may state that the Settlement is a good result for the Class. In addition, nothing in this Settlement Agreement shall preclude Plaintiff or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

L. **Confidentiality.** All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

M. **Return Of Material.** Within 30 Days after the Effective Date, Class Counsel and Defense Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

N. **No Assignment**. Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiff has or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and no Person other than Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiff.

O. **Stay.** The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

P. **Best Efforts.** In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to

give this Agreement full force and effect. The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

**Plaintiff:**

Jason Douglas

By:_____

**Approved as to form:**                          **SIPRUT P.C.**

By:_____

Joseph J. Siprut
SIPRUT PC
17 North State Street, Suite 1600
Chicago, Illinois 60602
Telephone: (312) 236-0000
Facsimile: (312) 948-9196

**Defendant:**

THE WESTERN UNION COMPANY

By:_____

Its:_____

**Approved as to form:**                          **LATHAM & WATKINS LLP**

By:_____

Mark S. Mester
Kathleen P. Lally
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiff:*

Jason Douglas

By:_____

*Approved as to form:*                    **SIPRUT P.C.**

 

By:_____
    Joseph J. Siprut
    SIPRUT PC
    17 North State Street, Suite 1600
    Chicago, Illinois 60602
    Telephone:  (312) 236-0000
    Facsimile:  (312) 948-9196

*Defendant:*

THE WESTERN UNION COMPANY

By: _____

Its: _ASSISTANT SECRETARY_____

*Approved as to form:*                    **LATHAM & WATKINS LLP**

By:_____
Mark S. Mester
Kathleen P. Lally
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

Peter L. Winik
Andrew D. Prins
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201