IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) | Case No. 14-cv-1741 |
| | ) | |
| v. | ) | |
| | ) | |
| THE WESTERN UNION COMPANY, a Delaware corporation, | ) ) | Hon. Gary Feinerman |
| Defendant. | ) | Magistrate Judge Jeffrey Cole |

## RESPONSE IN PARTIAL OPPOSITION TO MOTION FOR EXTENSION [DOC 107]

**NOW COMES** Class member, Bethany Carol Price ("Price"), by and through her undersigned counsel, and in partial opposition to Plaintiff's motion for extension for a one-week extension of the "due date for Plaintiff's supplemental submission from May 16, 2016 to May 23, 2016," states as follows:

1. At the outset, Price takes no position relative to whether the Court, in its discretion, should determine that Plaintiff needs an extra week to file a thorough response.

2. However, as explained at the hearing on April 25, Price's counsel will be on a long-planned and prepaid family vacation the week of May 23, and will not return to the office until May 31. Accordingly, if the Court is inclined to permit Plaintiff the additional time, Price would respectfully request (a) that the due date of her response be extended until June 3, and (b) that the hearing currently set for June 1 be continued.[1]

3. For clarification, Price's lack of opposition does not represent an agreement with

---

[1] Price's counsel was not consulted before the instant motion was filed.

1

Plaintiff's motion. The Court's Order [Dkt. No. 102] requires the parties (Plaintiff and Defendant) to "file a joint brief." Indeed, three of the six issues to be addressed in the joint brief are directed to Western Union and its counsel[2], and beyond coordinating the filing of the joint brief Plaintiff's counsel should have no responsibility for responding to the Court's inquiry on these issues.

4. As to the other issues to be addressed in the joint brief, Plaintiff does not explain why the fact that Messrs. Salam and Silverman are no longer associated with Siprut P.C. prohibits her counsel from filing a response.[3]

WHEREFORE, if the Court, in its discretion, grants the Plaintiff's motion for an extension, Price respectfully requests that the deadline of her response be likewise extended until June 3, and that the hearing currently set for June 1 be continued.

Respectfully submitted, this 13th day of May, 2016.

> W. Allen McDonald
> W. Allen McDonald, Esq.
> 249 N Peters Road
> Suite 101 Knoxville, TN 379234917
> Tel: 865 246 0800
>
> *Counsel for Bethany Carol Price*

---

[2] Those 3 issues being (1) When the Western Union loyalty program commenced, (2) Whether at all relevant times the Western Union online system allowed a person to engage in transactions without first joining the Western Union loyalty program; and (3) How many hours Defendant's outside counsel has billed on this case through 4/25/2016.

[3] Three of the remaining issues for Plaintiff's counsel ought to be answerable by administrative personnel at Siprut P.C., i.e. (1) hours cataloged on the spreadsheet (Doc. [61]-1 at 168-171) that reflect work already performed vs. work anticipated thereafter, (2) printing detailed attorney time records for this case, and (3) identifying and copying all Siprut PC attorney fee motions from January 2014 through April 2016. One issue relates to the claims administration process - how the Claims Administrator intends to identify and reject fraudulent claims.

**CERTIFICATE OF SERVICE**

      I do hereby certify that on May 13, 2016, a copy of the foregoing was submitted electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      This 13th day of May, 2016.

                                                W. Allen McDonald
                                                W. Allen McDonald, Esq