IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-1741 |
| v. | ) ) | Hon. Gary Feinerman |
| THE WESTERN UNION COMPANY, a Delaware corporation, | ) ) ) | Hon. Jeffrey Cole |
| Defendant. | ) ) | |

**PLAINTIFF'S MEMORANDUM**
**PURSUANT TO THIS COURT'S MAY 25, 2016 ORDER**

Joseph J. Siprut
*jsiprut@siprut.com*
Richard L. Miller II
*rmiller@siprut.com*
Richard S. Wilson
*rwilson@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342
**www.siprut.com**

*Counsel For Plaintiff*
*And the Settlement Class*

Pursuant to this Court's May 25, 2016, Minute Entry (the "Order") (Dkt. No. 112), Plaintiff Jason Douglas ("Plaintiff"), by and through his counsel of record, Siprut PC ("Class Counsel"), hereby submits Plaintiff's Memorandum Pursuant To This Court's May 25, 2016 Order (the "Memorandum") addressing the matters raised by the Court.

## BACKGROUND

On April 25, 2016, this Court entered a Minute Order (Dkt. No. 102) directing Plaintiff and Defendant The Western Union Company ("Defendant") to provide the Court with certain information and documents regarding Plaintiff's Motion For Final Approval Of Class Action Settlement (Dkt. No. 96) and Plaintiff's Motion For Attorneys' Fees, Costs, And Incentive Award (the "Fee Petition") (Dkt. No. 61). Among other things, the Court directed that Class Counsel provide the Court with fee petitions that include hours worked by Class Counsel from January 2014 through April 2016. (Dkt. No. 102.)

On May 23, 2016, Class Counsel submitted the Supplemental Filing Regarding Plaintiff's Motion For Final Approval Of Class Action Settlement (the "Filing"). (Dkt. No 111.) The Filing provided the Court with information and documents responsive to the Court's April 25, 2016, Minute Order. Contemporaneously therewith, Class Counsel provided the Court with 33 fee petitions for *in camera* review. (Dkt. No. 111 at 10 n.5.) Thereafter, the Court entered the May 25, 2016, Order. That Order directs Class Counsel to "file a memorandum tabulating – on a monthly basis or, if a monthly basis is not possible, on an annual basis – the total hours reported by Joseph Siprut, Gregg Barbakoff, and Ismael Salam from January 2014 through April 2016 on this fee petition plus the 33 fee petitions referenced in Doc. 111 at 10 n.5."[1] (Dkt. No. 112.)[2]

---

[1] The Fee Petition in this case was included as one of the 33 fee petitions.

[2] The Court also directed *Defendant* to file a memorandum indicating the total number of hours Defendant's inside counsel spent on this case. (*Id.*)

**DISCUSSION**

Although Class Counsel wishes to assist the Court in every way possible, respectfully, it has provided the Court with everything it possesses regarding the fee petitions. As explained in the Filing, attorneys at Class Counsel's firm allocate their lodestar time to one of approximately 15 "task billing" categories identified in Class Counsel's fee petitions. (Dkt. No. 111 at 9-10.) Accordingly, Class Counsel does not possess the figures in the form specified by the Court.

In an attempt to comply with the Court's directive as closely as accuracy allows, Class Counsel has calculated the sum total of hours reported by Joseph J. Siprut, Gregg M. Barbakoff, and Ismael T. Salam in the fee petitions. These hours are as follows: (a) 6,878.8 for Mr. Siprut; (b) 2,608.9 for Mr. Barbakoff; and (c) 2,117.5 for Mr. Salam. As noted previously, the fee petitions requested by the Court involve cases (and thus lodestar data) outside the range requested by the Court. As a group, the fee petitions cover a span of time from 2011 to April 2016 (and not January 2014 through April 2016). (*See* Dkt. No. 111 at 10-11.)

Class Counsel has endeavored to compute the hours reported by its attorneys in the time period identified by the Court, but cannot avoid estimation and guesswork. For instance, it is relatively simple to identify the time spent investigating and drafting a complaint that was filed in 2012, and isolate that time within Class Counsel's calculations. This task is typically not possible for a complaint that was: (a) filed in January or February of 2014; and (b) involved investigation and drafting over the course of mid-to-late 2013 and early 2014.

Averaged across the approximately five-and-a-half-year period reflected in the fee petitions, Class Counsel's hourly totals compute to the following hourly figures *per annum*: (a) 1,250.7 for Mr. Siprut; (b) 474.3 for Mr. Barbakoff; and (c) 605.0 for Mr. Salam.[3] Class Counsel

---

[3] Mr. Salam joined Class Counsel's firm in 2013.

acknowledges that these figures do not include hours worked in cases: (a) wherein Class Counsel filed a fee petition prior to January 2014; and (b) did not result in a fee petition being filed at all. Accordingly, the actual number and annual average of hours worked is a somewhat higher figure for each respective attorney (but again, those exact data points are not calculable).[4]

In sum, Class Counsel wishes that it could provide the Court with the precise figures the Court desires, but Class Counsel simply does not possess access to those figures.

Dated: June 3, 2016                                   Respectfully submitted,

                                                      */s/ Joseph J. Siprut*

    Joseph J. Siprut
    *jsiprut@siprut.com*
    Richard L. Miller II
    *rmiller@siprut.com*
    Richard S. Wilson
    *rwilson@siprut.com*
    SIPRUT PC
    17 North State Street
    Suite 1600
    Chicago, Illinois 60602
    Phone: 312.236.0000
    Fax: 312.878.1342

    ***Counsel For Plaintiff***
    ***And the Settlement Class***

---

[4] Whatever the exact number for each attorney, that number is reasonable and well within the norms of 2,000 billable-hours-per-year requirements—and 2,100 to 2,200-hour bonus benchmarks—at large firms such as Mayer Brown LLP and Sidley Austin LLP. Indeed, legal news sources have reported that ambitious associates at large law firms try to bill up to 2,500 hours per year. Paul M. Barrett, *How Billable Hours Changed the Legal Profession*, BLOOMBERG BUSINESSWEEK (Dec. 4, 2014, 6:58 AM), http://www.bloomberg.com/news/articles/2014-12-04/how-billable-hours-changed-the-legal-profession. In addition, the large law firm Kaye Scholler LLP has set a bonus benchmark at 2,400 hours per year, and Quinn Emanual Urquhart & Sullivan LLP set a bonus benchmark at 2,700 or more hours billed in one year. Gavin Broady, *Mayer Brown Pumps Up Bonuses For Non-NY Associates*, LAW360 (Mar. 3, 2015, 6:18 PM), http://www.law360.com/articles/627367/mayer-brown-pumps-up-bonuses-for-non-ny-associates.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiff's Memorandum Pursuant To This Court's May 25, 2016 Order** was filed this 3rd day of June 2016 via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record:

Mark S. Mester
*mark.mester@lw.com*
Kathleen P. Lally
*kathleen.lally@lw.com*
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue
Suite 2800
Chicago, IL 60611
312.876.7700

Andrew D. Prins
*andrew.prins@lw.com*
Peter L. Winik
*peter.winik@lw.com*
**LATHAM & WATKINS LLP**
555 Eleventh Street NW
Washington, DC 20004
202.637.2200

W. Allen McDonald
*amcdonald@lwp.com*
**LACY, PRICE & WAGNER**
249 North Peters Rd.
Suite 101
Knoxville, TN 37923
865.246.0800

Lloyd C. Chatfield II
*lloyd.chatfield@yahoo.com*
**LAW OFFICES OF LLOYD C. CHATFIELD PC**
1635 Northwind Blvd.
Suite 101
Libertyville, IL 60048
224.688.9942

　　　　　　　　　　　　　　　　　*/s/ Joseph J. Siprut*