IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 14-cv-1741 ) |
| v. | ) Hon. Gary Feinerman ) |
| THE WESTERN UNION COMPANY, a Delaware corporation, | ) Hon. Jeffrey Cole ) ) |
| Defendant. | ) |

**MEMORANDUM ADDRESSING
<u>CORRESPONDENCE RECEIVED BY THE COURT</u>**

In accordance with the Court's August 5, 2016, Minute Entry (the "Order") (Dkt. No. 120), Plaintiff Jason Douglas ("Plaintiff"), by and through his counsel of record, Siprut PC ("Class Counsel"), and Defendant The Western Union Company ("Defendant"), by and through its counsel of record, Latham & Watkins LLP ("Defense Counsel"), hereby submit the following memorandum addressing the recent correspondence received by the Court:

1. On July 25, 2016, an attorney representing the estate of a putative settlement class member, William T. Lyons ("Mr. Lyons"), sent a letter to the Court and Class Counsel. The letter contained a description of difficulties Mr. Lyons had experienced in filing a claim as part of the settlement of this case. It also indicated that Mr. Lyons was frustrated with the handling of the claim by the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"). (Dkt. No. 118.) Mr. Lyons' letter to the Court included copies of correspondence between himself and Epiq. (Dkt. No. 118.)

2. On July 29, 2016, Class Counsel received Mr. Lyons' letter. Although Class Counsel and Defense Counsel have received questions from class members throughout the claims

process (most recently, largely related to the timing of payment of claims), neither Class Counsel nor Defense Counsel had been aware of Mr. Lyons' difficulties prior to receiving his letter on July 29, 2016. Upon receiving the letter, Class Counsel immediately forwarded it to both Defense Counsel and Epiq.

3. Next, Class Counsel and Defense Counsel promptly took action to ensure that the issues with Mr. Lyons' claim were corrected. They addressed the specific matter with Epiq to ensure that Mr. Lyons' complaints were addressed. Further, they directed Epiq to determine whether there was a systemic problem in the handling of claims in this case. Class Counsel and Defense Counsel held phone conferences and exchanged emails with Epiq regarding these matters.

4. On August 1, 2016, Epiq informed the parties that it had reviewed Mr. Lyons' letter and claim and determined that it had not properly handled the claim. Epiq stated that it would provide a draft of a letter to Mr. Lyons, for the parties' counsel to review, that would apologize to Mr. Lyons and assure him that his claim would be accepted.

5. On August 2, 2016, Michael R. O'Connor ("Mr. O'Connor"), Director of Client Services at Epiq, sent a letter to Mr. Lyons and this Court. (Dkt. No. 119.) In that letter, Mr. O'Connor: (a) apologized to Mr. Lyons; (b) informed Mr. Lyons that his client's claim was approved; (c) stated that Epiq had begun a formal incident review to determine the root cause of Mr. Lyons' concerns; and (d) described the results of Mr. O'Connor's initial review, which indicated that Mr. Lyons' circumstances were an aberration.

6. On August 10, 2016, Class Counsel contacted Mr. Lyons to further apologize to Mr. Lyons and make clear that he could contact Class Counsel if there were any further concerns regarding his client's claim. Class Counsel and Defense Counsel also continued to work with Epiq on its investigation into the root cause of the issue with Mr. Lyons' claim.

7. On August 18, 2016, Epiq executed the Declaration Of Michael O'Connor Regarding William T. Lyons' Correspondence (the "O'Connor Declaration"), which is attached hereto as Exhibit A. The O'Connor Declaration describes: (a) Epiq's investigation into Mr. Lyons' situation; (b) Epiq's conclusions regarding that investigation; and (c) the remedial measures that Epiq is undertaking.

8. Based upon the explanation and information provided by Epiq, as described in detail in the O'Connor Declaration, Class Counsel and Defense Counsel believe that the handling of Mr. Lyons' claim was incorrect, unfortunate, and understandably frustrating for Mr. Lyons. However, it ultimately appears that this is a unique situation. O'Connor Declaration, Ex. A hereto, at ¶¶11-14, 16.

9. Counsel for the parties are currently working with Epiq to establish protocols for the final audit, acceptance and denial of claims in the event of Final Approval of the Settlement. *See* O'Connor Declaration, Ex. A hereto, at ¶15.

10. If the Court would like the parties and Epiq to add protocols relating to the final audit, given Mr. Lyons' experience, they would be happy to do so. Likewise, if the Court deems it necessary, counsel for the parties and Epiq would be pleased to further investigate this matter and/or provide additional information to the Court.

Respectfully Submitted,

*/s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Richard L. Miller II
*rmiller@siprut.com*
Richard S. Wilson
*rwilson@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

*Counsel For Plaintiff
And the Settlement Class*

Dated: August 19, 2016

*/s/ Kathleen P. Lally*

Mark S. Mester
*mark.mester@lw.com*
Kathleen P. Lally
*kathleen.lally@lw.com*
**LATHAM & WATKINS LLP**
330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Phone: 312.876.7700

*Counsel For Defendant*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Memorandum Addressing Correspondence Received By The Court** was filed this 19th day of August 2016 via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

                                                  */s/ Joseph J. Siprut*