UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | 14 C 1741 |
| Plaintiff, | ) ) | |
| | ) | Judge Feinerman |
| vs. | ) ) | |
| THE WESTERN UNION COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, Bethany Carol Price's motion for reconsideration [148] is denied.

## STATEMENT

The court's memorandum opinion and order amended the settlement class definition to clarify the metes and bounds of the parties' intended settlement class. Doc. 146 at 8. The court then concluded that Bethany Carol Price was not a member of the class. *Id*. at 9-10.

Price moves to reconsider on the grounds that: (1) the clarified class definition remains vague; and (2) she is a member of the class. Doc. 148. The first argument is wrong; the word to which Price objects, "authorizing," is clear. The second argument is wrong as well. As the court's opinion explained, Price does not fall within the amended class definition. Doc. 146 at 9. Moreover, she did not fall within the original definition because the texts sent to her were not "unsolicited," given that she had consented to receive them. *Ibid*.

The court adds that even if the word "authorizing" were excised from the clarified class definition, Price still would not be a class member because she did not conduct an "online transaction." *Ibid*.; *see* Doc. 94 at 15-17. As the discussion at the motion hearing revealed, Price's attorney did not understand that she did not conduct an online transaction. Thus, Price does not have a personal stake in the vagueness challenge to the class definition that she presents on reconsideration.

October 31, 2018

United States District Judge