


**UNITED STATES COURT
NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

JASON DOUGLAS, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.

THE WESTERN UNION
COMPANY, a Delaware
corporation,

    Defendant.

Case No. 14-cv-1741

Hon. Gary Feinerman

Magistrate Judge Jeffrey Cole

**OBJECTORS' PATRICK S. SWEENEY & PAMELA SWEENEY'S, PRO SE, MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARD, AND MEMORANDUM OF LAW IN SUPPORT**

## INTRODUCTION

Pursuant to Local Rule 54.3, Objectors Patrick S. Sweeney & Pamela Sweeney, Pro Se (collectively the "Sweeneys" or the "Objector") file this motion for objector's fees, incurred in pursuit of their objection to the class action settlement in this action.[1] Objectors who provide a material benefit to the class through their objections are entitled to fees as a matter of law. *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014) (objectors are entitled to attorneys' fees when they improve the settlement). Sweeneys objection revealed that the fee request of $2.8 million was excessive. *See* Sweeneys Objection, Dkt. 70. Sweeneys argued that, at a minimum, the fee should be decreased by an amount as determined by this Honorable Court. While this Honorable Court did not agree with all of Sweeneys objections, it did agree that it should award Class Counsel a fee ***substantially less*** than the requested amount. (emphasis added). *See* Final Approval Order, Dkt.146 (the "Final Approval Order").

In addition, Class Counsel sought extensive objector discovery which caused great delay and extensive additional time being extended by the Sweeneys individually as Objectors (as individuals on a pro se basis). See Dkts. 72-102.

---

[1] Local Rule 54.3(a) provides that the parties need not confer prior to the filing of the fee motion if the fees would be paid out of a fund created by judgment or by settlement. Sweeneys is seeking fees to be paid out of class counsel's fee award from the settlement fund and/or out of the settlement remainder fund. Thus, pre-motion conference was not required.

As a result of the Sweeney's effort the fee awarded to class counsel was reduced from $2.8 million dollars to $425,000.00, a reduction of approximately $2.375 million dollars (the "Added Value Amount") all of which was redirected to the common fund created by the Final Approval Order.

Accordingly, as detailed in this Memorandum, the Sweeney's hereby ask for $237,000.00 in objector fees incurred by the Sweeneys

(a mere 10% of the Added Value Amount) in prosecuting this objection and the tortured multipledifferent directions this case traveled. The Sweeneys are expressly waiving any request for costs and any incentive awards. The Sweeneys seek payment from settlement fund which was increased by Added Value Amount. The Objector's requested amount is a mere 10% of the Added Value Amount. This is a fraction of what Sweeneys would be entitled to under Seventh Circuit law such as *Southwest, Synthroid* and *Trans Union*.

## PROCEDURAL BACKGROUND

On March 12, 2014, Plaintiff filed their Class Action Complaint against Defendant The Western Union Company ("Western Union") (Plaintiff and Western Union are, collectively, the "Parties) seeking to represent a proposed class of all individuals or entities who allegedly received unsolicited text messages to their wireless telephones from or on behalf of Western Union. (Dkt. 1.)

Western Union filed its Answer, denying the substance of the allegations (Dkt. 22.) withdraw their pending motion to strike without prejudice. (Id.) The Court ordered The Parties agreed to mediate this case. On April 22, 2015, the Parties reported that they had reached an agreement in principle, resolving Plaintiff's claims on a class-wide basis. (Dkt. No. 39.) entering to a settlement agreement in July 2015. (Dkt.52-10). On October 28, 2015, Plaintiff filed their Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion") (Dkt. No. 52), which their Court approved on November 10, 2015. (Dkt. No. 58.)

The Sweeneys filed their objection on February 25, 2016. Shortly thereafter Class Counsel began their aggressive campaign for discovery from the Objectors. As a result the Sweeneys engaged the services of the Sweeney Legal Group to represent them going forward in their matter. The case took a long and arduous detour through Class Counsel attacks on the objectors.

After the Preliminary Order there were an additional 86 court filings and hearings before the Final Approval Order was issued. Class Counsel repeatedly made the objectors and this Honorable Court labor to deal with its belligerent process of harassing objectors and then stubbing its toes in an attempt to bring their, otherwise routine class action case, to its conclusion. (Sweeneys hereby elect

to refer to the Court's docket for the lengthy detail of events and in particular the Court's Final Approval Order Dkt 146 which gives a "blow-by-blow" of the tortured events orchestrated by Class Counsel in this case. Sweeney's hereby request that the Court take judicial notice of the docket as evidence of the events.) The Fairness Hearing was held on April 8, 2016, at 10:00 a.m. The Final Approval Order was issued on August 31, 2018.

## ARGUMENT

### I. Sweeneys are entitled to a fee for the benefit attributable to the Class as a result of their objection.

Sweeneys are entitled to be reimbursed for the time, work and expertise because the Class Members realized a substantial pecuniary benefit to the class. *Markow v. Southwest Airlines Co.*, No. 17-3541 (7th Cir. 2018) (see case attached) *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014) ("if objections persuade the judge to disapprove it, and as a consequence a settlement more favorable to the class is negotiated and approved, the objectors will receive a cash award that can be substantial."); *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (holding that objectors' "lawyers who contribute materially to the proceeding" are entitled to a fee, even if the judge would have *sua sponte* made same finding without the objection); *see also Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994) (error to deny fees to objector that benefitted class); *Rodriguez v. West Publ'g. Corp.*, 563 F.3d 948 (9th Cir. 2009) (holding that it was "clearly erroneous" to deny an objector attorneys' fees where the objector had raised

issues that the court had not previously considered on the record).

In *Southwest* the recent Seventh Circuit case, the Court expressly held, that when an objector makes a claim for fees:

> "the court should consider whether the efforts of counsel for the objectors "improved the settlement, assisted the court, and/or enhanced the recovery in any discernible fashion." *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PriceWaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 413 (E.D. Wis. 2002) ... because of the skewed incentives in some class action settlements, objectors who bring those incentives back into balance by increasing a settlement's benefit to a class may be compensated for their efforts. See, e.g., Kaufman v. American Express Travel Related Services Co., 877 F.3d 276, 287–88 (7th Cir. 2017) (affirming attorney fee award for intervenors who contributed to settlement approval); Eubank v. Pella Corp., 753 F.3d 8 No. 17-3541 718, 720 (7th Cir. 2014) (noting that objectors who improve settlement "will receive a cash award that can be substantial"), citing In re Trans Union Corp. Privacy Litigation, 629 F.3d 741 (7th Cir. 2011) (increasing class counsel's fee award out of relief awarded to class); Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 288 (7th Cir. 2002) (objectors' lawyers may be entitled to "reasonable professional fee" where they "render valuable albeit not bargained-for services in circumstances in which high

transaction costs prevent negotiation and voluntary agreement"), citing Gaskill v. Gordon, 160 F.3d 361, 363 (7th Cir. 1998), In re Continental Illinois Securities Litigation, 962 F.2d 566, 568, 571 (7th Cir. 1992), and Saul Levmore, Explaining Restitution, 71 Va. L. Rev. 65, 66 (1985). "The principles of restitution that authorize such a result also require, however, that the objectors produce an improvement in the settlement worth more than the fee they are seeking; otherwise they have rendered no benefit to the class." Reynolds, 288 F.3d at 288, citing Class Plaintiffs v. Jaffe & Schlesinger, P.A., 19 F.3d 1306, 1308 (9th Cir. 1994) (per curiam), This recognition is consistent with a second principle: the common-fund doctrine. That doctrine provides that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or their client is entitled to a reasonable attorney's fee from the fund as a whole." US Airways, Inc. v. McCutchen, 569 U.S. 88, 96 (2013), quoting Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); accord, Wal-Mart Stores, Inc. Associates' Health & Welfare Plan v. Wells, 213 F.3d 398, 402 (7th Cir. 2000), citing Boeing, 444 U.S. 472, and additional No. 17-3541 9 cases. Fee awards for class counsel are part of a constructive common fund because they are a benefit to the class. See Pearson v. NBTY, Inc., 772 F.3d 778, 781 (7th Cir. 2014) ("value of the settlement" is "defined as the sum of the awards

to the class and to its lawyers"); see also Redman v. RadioShack Corp., 768 F.3d 622, 630 (7th Cir. 2014) ("relevant" ratio for "assessing the reasonableness of the attorneys' fee" in coupon class action settlement "is the ratio of (1) the fee to (2) the fee plus what the class members received"); In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 821 (3d Cir. 1995) ("private agreements to structure artificially separate fee and settlement arrangements cannot transform what is in economic reality a common fund situation into a statutory fee shifting case")." *Southwest* at 8, 9.

Regarding the amount that is appropriate for an objector's claim, the Seventh Circuit, in *In re Trans Union Corp. Privacy Litigation*, 629 F.3d 741, 748 (7th Cir. 2011) found that an objector's fee award "was too small". "The special master's finding that 50% of the improvement in class benefit should be credited to the objectors (and 50% of the improvement credited to MDL counsel who had negotiated the initial settlement). *Id.* at 747. The Seventh Circuit concluded that because the objector was responsible for 22% of the total benefit conferred, she was held that the fee award to the objector should be a reflection of the benefit to the class as a result of the objector's efforts in the case.

Sweeneys position was the requested fees were excessive and therefore not reasonable. This Honorable Court's Final Approval Order, like the Sweeney's Objection, found the requested fees were excessive and reduced the requested fees from $2.8 million to $425,000.00. See Final Approval Order Dkt. 146. A benefit to

the Class of $2.375 million. *Dewey v. Volkswagen of Am.*, No. 07-2249, 2012 U.S. Dist. LEXIS 177844, at *64 (D.N.J. Dec. 14, 2012) (awarding the Center for Class Action Fairness "10.5% of the benefit conferred, well within the range of acceptable percentages-of-recovery"); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 468 (D.P.R. 2011) (finding that "10% [of $3 million benefit conferred] is reasonable and appropriate to reflect Objectors' time, effort, ingenuity and success in increasing the kitty for the benefit of the Class"); *Lanv. Ludrof,* 2008 WL 763763, at *28 (W.D. Pa. Mar, 21, 2008) (awarding objector 25% of the increase in the benefit to the class); *see also In re Classmates.com Consol. Litig.*, No. C09-45RAJ, 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. Jun. 12, 2012) (noting that award of $100,000 "if anything" "would have undercompensated CCAF" where $100,000 was roughly 5% of the monetary benefit conferred). Sweeneys' fee request of $237,000.00 should be granted because it is much less than what he would be entitled to under Seventh Circuit law based on the significant benefit their Objection conferred on the Class Members.

## II. Objectors take on risk that their objections will not be approved and are always subject to being unpaid for the expenses of the objection.

Objection entails risks. There is no guarantee a court will honor objections and even a successful objection may merely scuttle a settlement without class benefit creating an entitlement to attorneys' fees; and, class counsel may still challenge an objector's entitlement to fees even after an objection results in an improvement (such as here) in direct benefit to the class. *E.g., McDonough*, 2015 U.S. Dist LEXIS 7510, at *138. Under Seventh Circuit law, attorneys who take on cases on a contingent-fee

basis with risk of nonpayment are entitled to a multiplier of their lodestar to compensate them for that *ex ante* risk. *E.g., Synthroid II,* 325 F.3d at 978; *Florin v. Nationsbank of Georgia, NA*, 60 F.3d 1245, 1248 (7th Cir. 1995).

## CONCLUSION

For the foregoing reasons, Objector Sweeneys respectfully requests the Court to award them $189,619 in attorneys' fees. The Sweeneys are not seeking any remuneration for their own time, which was substantial, nor any costs and finally no incentive fee. The Sweeney take no position as to whether their Honorable Court should fees should be deducted from the Settlement Fund portion available to the Class or that portion of the Settlement Fund to be awarded to Class Counsel.

Dated: October 26, 2018.                    Respectfully submitted

*/s/ Patrick S. Sweeney*
Patrick S. Sweeney, Pro Se
2672 Mutchler Road
Madison, Wi 53711
(424)-488-4383
patrickshanesweeney@gmail.com

*/s/ Pamela Sweeney*
Pamela Sweeney, Pro Se
2672 Mutchler Road
Madison, Wi 53711
(424)-488-4383
pam.sweeney1@gmail.com

## CERTIFICATE OF SERVICE

    I do hereby certify, that on October 26, 2018, a copy of the foregoing was submitted to the Clerk of Court via U.S. First Class Mail. When the Clerk scans this document into the Court's electronic filing system, notice of this filing will be sent by operation of the electronic filing system to all parties using the Court's electronic filing system. In addition this filing may be access by all parties using the PACER system. Also, counsel of record was sent this document via electronic mail.

                                                            Patrick S. Sweeney, Pro Se