UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON DOUGLAS, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | 14 C 1741 |
| Plaintiff, | ) ) | |
| | ) | Judge Feinerman |
| vs. | ) ) | |
| THE WESTERN UNION COMPANY, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Bethany Carol Price's motion for attorney fees and an incentive award [162] and Patrick and Pamela Sweeney's motion for objector fees [170] are denied for the reasons set forth below. The 5/8/2019 status hearing [177] is stricken.

**STATEMENT**

The court has addressed on two prior occasions Bethany Carol Price's relationship (or, rather, non-relationship) to this case. First, in its opinion regarding the proposed class settlement—familiarity with which is assumed—the court explained that Price was not a member of the class, under either the original class definition or the clarified class definition. 328 F.R.D. 204, 213-14 (N.D. Ill. 2018). The reason is that Price, by enrolling in the Western Union loyalty program, *consented* to receiving text messages from Western Union and thus cannot be said to have received *unsolicited* text messages. *Ibid*. Second, in denying Price's reconsideration motion, Doc. 148, the court reiterated the holding regarding her status as a non-class member, Doc. 153.

Price then moved for attorney fees and an incentive award, arguing that she was a class member under the original class definition. Doc. 159. The court denied the motion without prejudice, reasoning: "In arguing that she was a class member under the original class definition … , Price does not acknowledge the court's contrary finding in [its earlier rulings], let alone explain why that finding was incorrect." Doc. 161. The court added: "If Price renews her motion, she should address that issue and, in addition, the question whether a person who never fell within the class definition (original or modified) may move for fees and an incentive award under Rule 23." *Ibid*.

Price's renewed motion for fees and an incentive award again contends that she was a member of the class as originally defined. Doc. 162 at 1-8. But Price fails to rebut the proposition that she consented to receiving texts from Western Union by enrolling in its loyalty program. Price therefore fails to explain how she could reasonably be considered to have

1

received "unsolicited" texts within the meaning of the original class definition. Price never was a member of the class, not under the clarified class definition, and not under the original class definition. And Price unsurprisingly cites no authority for the highly questionable proposition that a non-class member can recover fees and an incentive award under Rule 23, thereby forfeiting the point. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). Accordingly, Price's motion for attorney fees and an incentive award is denied.

Although the court could stop there, it bears mention that, contrary to Price's argument that her objections were primarily responsible for the court's reduction to the proposed attorney fee award, Doc. 162 at 15 (arguing that, but for Price's objections, "Class Counsel's fees would not have been reduced"), Price's objections brought absolutely nothing of substance to the table. All Price did—other than waste judicial resources by submitting some meritless objections to the proposed class settlement, Docs. 69, 84; 328 F.R.D. at 213-18, filing a meritless reconsideration motion, Doc. 148, and then filing a meritless attorney fee motion that did not even acknowledge the court's prior ruling that she was not a class member, Doc. 159—was to make boilerplate arguments in opposition to class counsel's proposed attorney fee award that were patently obvious under long-standing Seventh Circuit class settlement law. Yet the principal ground on which the court drastically cut class counsel's requested fee award—the extraordinary liberties that counsel took with their time records, 328 F.R.D. at 220-24—was not pressed in any material way by Price. Price has not "added genuine value" to the class settlement; to the contrary, she has contributed only inefficiency. *In re Sw. Airlines Voucher Litig.*, 898 F.3d 740, 744 (7th Cir. 2018). So, even if she were a class member, Price would deserve no compensation. *See In re Synthroid Mktg. Litig.*, 264 F.3d 712, 723 (7th Cir. 2001) (holding that "if at least one [objector] would have stepped forward without the lure of an 'incentive award,' there is no need for additional compensation"); *Gehrich v. Chase Bank USA*, 2016 WL 3027831, at *6 (N.D. Ill. May 27, 2016) ("Th[e] principle [established in *Synthroid*] prevents professional objectors from plucking low-hanging fruit and then demanding payment for their services.").

Unlike Price, Patrick and Pamela Sweeney (who are *pro se*) are class members and thus legitimate objectors. Yet like Price, the Sweeneys made several meritless objections to the proposed class settlement, otherwise offered only boilerplate and obvious objections to class counsel's proposed attorney fee award, and contributed nothing to the principal ground on which the court reduced the proposed fee award. Doc. 70; 328 F.R.D. at 220-24. So, even putting aside the question whether non-lawyer objectors representing themselves are eligible for a fee award, the Sweeneys are entitled to no award.

April 24, 2019

United States District Judge

2